HENRY JOHNSON v. CAROLINA, CLINCHFIELD AND OHIO RAILROAD COMPANY ET AL.

(Filed 13 December, 1911.)

1. Contracts—Independent Contractor—Negligence—Supervision.

When a contractor has undertaken to do a piece of work according to plans and specifications furnished and under an agreement for its completion such as otherwise to make him an independent contractor for whose negligent acts the owner or proprietor is not responsible, this relationship is not necessarily affected or changed because the right is reserved for the engineer, architect, or other agent of the owner or proprietor to supervise the work to the extent of seeing that it is done pursuant to the terms of the contract.

2. Contracts—Independent Contractor—Negligence—Collateral Employment—Respondeat Superior.

The owner or proprietor of work to be done by an independent contractor cannot escape liability upon the ground that an injury was inflicted by the act of an independent contractor, when the plaintiff's immediate employer, at the time of the injury and in reference thereto, was not acting *bona fide* under the terms of the contract, but was, in fact, only the agent of the owner or proprietor in the work that plaintiff was engaged in doing. *Young v. Lumber Co.,* 147 N. C., 26, cited and applied.

APPEAL from *Lane, J.,* at June Term, 1911, of BURKE.

Civil action to recover damages for physical injuries caused by alleged negligence of the railroad company.

There was evidence tending to show that on or about 15 July, 1908, plaintiff was injured while at work as an employee of defendant company by reason of a defective car being then used for hauling dirt in the construction of defendant road, and that the injury was attributable to the negligence of defendant. There was evidence tending to show that there was no negligence; that plaintiff was, at the time, an employee of Propts & Co., an independent contractor, and further that plaintiff had executed a receipt in full discharge for the liability. The following verdict was rendered:

1. Was plaintiff injured by the negligence of the defendant? Answer: Yes.

2. Did the plaintiff by his own negligence contribute to his own injury? Answer: No.

3. Did the plaintiff release any cause of action he had against defendant on account of such injury? Answer: No.

4. What injury, if any, is plaintiff entitled to recover? Answer: $200.

Judgment on verdict for plaintiff, and defendant excepted and appealed.

*Spainhour & Mull and S. J. Ervin for plaintiff.*
*Hudgins & Watson and A. Hall Johnston for defendant.*

HOKE, J. It was chiefly objected to the validity of this recovery that plaintiff was, at the time, the employee of an independent contractor, Propts & Co., and that, on the facts in evidence, there had been no breach of duty towards plaintiff on the part of the railroad company. This doctrine of independent contractor and its effect on the rights of parties have been the subject-matter of discussion in several recent decisions of the Court, as in *Hopper v. Ordway, ante,* 125; *Denny v. Burlington,* 155 N. C., 33; *Beal v. Fiber Co.,* 154 N. C., 147; *Thomas v. Lumber Co.,* 153 N. C., 351; *Hunter v. R. R.,* 152 N. C., 682; *Young v. Lumber Co.,* 147 N. C., 26; *Davis v. Summerfield,* 133 N. C., 325; *Craft v. Timber Co.,* 132 N. C., 151.

In *Beal v. Fiber Co.* the following, as general definitions, are referred to with approval: "An independent contractor has also been defined to be one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of his work."

*Lurton, J.,* in *Powell v. Construction Co.,* 88 Tenn., 692, and from *Smith·v. Simmons,* 103 Pa., 32: "Where one who contracts to perform a lawful service for another is independent of his employer in all that pertains to the execution of the work, and is subordinate only in effecting a result in accordance with the employer's design, he is an independent contractor, and in such case the contractor alone and not the employer is liable for damages caused by the contractor's negligence in the execution of the work."

*Hopper v. Ordway, ante, 125,* and *Denny v. Burlington,* support the proposition that, when a contractor has undertaken to ·do a piece of work, according to plans and specifications furnished, and within the meaning of the definitions referred to, this relationship of independent contractor is not affected or changed because the right is reserved for the engineer, architect, or other agent of the owner or proprietor to supervise the work to the extent of seeing that the same is done pursuant to the terms of the contract. The position is carefully stated in *Denny's case* as follows: "When the relation of independent contractor has been established and the work is to be done according to plans and specifications furnished, the mere fact that a supervisor of the contractee is present for the purpose of seeing that the work is being done according to the contract, at the time the tort complained of is committed, does not render the contractee liable therefor." And *Hopper's case, supra,* is in full approval of this statement. Again, in *Beal's case,* citation is made from Thompson on Negligence, as follows: "If the proprietor retains for himself ·or for his agent (*e. g.,* architect and superintendent) a general control over the work, not only with reference to results, but also with reference to methods of procedure, then the contractor is deemed the mere agent or servant of the proprietor, and the rule of *respondeat superior*

operates to make the proprietor liable for his wrongful acts or those of his servants, whether the proprietor directly interfered with the work and authorized and commanded the doing of such acts or not. It is not necessary, in such a case, that the employer should actually guide and control the contractor. It is enough that the contract vests him with the right of guidance and control."

On the facts of this case and on the various contracts presented for consideration, the rights of supervision and control reserved to the engineer of the railroad company are so extensive and all-pervading that we incline to the opinion that these operators may not maintain the position of independent contractors, but are themselves only representatives and agents of the company, for whose acts the company is, in the main, responsible. It is not necessary to decide the question, however, as the jury, under a correct charge, have found as a fact that the plaintiff's immediate employer, at the time of the injury, and in reference thereto, was not acting *bona fide* under the terms of the contract, but was, in fact, only the agent of the company in the work that plaintiff was engaged in doing. The position was recognized in *Young v. Lumber Co., supra,* and in our opinion there was evidence in the present case permitting its consideration. There is no error, and the judgment below is affirmed.

No error.