C. P. HARMON v. FERGUSON CONTRACTING COMPANY ET AL.

(Filed 17 April, 1912.)

1. Contracts — Independent Contractor — Master and Servant—Respondeat Superior.

  The employer is not liable for the negligence of his independent contractor unless the work contracted to be done is so inherently dangerous that it could not be let out to another without incurring liability for his negligence.

2. **Same—Duty of Master—Safe Appliances—Safe Place to Work—Supervision.**

    When the relation of independent contractor has not been established, both the employer and contractor are liable to an employee of the latter for an injury caused to him by the negligence of another employee of the contractor in doing the work contracted to be done, or by defective machinery or appliances furnished by the contractor, which defect the exercise of ordinary care by him would have removed.

3. **Contracts — Independent Contractor — Supervision — Direction—Master and Servant—Respondeat Superior.**

    When a railroad company contracts with another for the construction of its roadbed, and reserves, under the contract, control and direction over the work through its engineer, with the power of discharging any foreman or employee "who is unskillful or remiss in the performance of the work," the material, etc., to be furnished under the direction of the railroad company's engineer, the relation of independent contractor is not established, and the rule of *respondeat superior* applies.

4. **Master and Servant—Safe Appliances—Patent Defects—Fellow-servant—Negligence—Evidence.**

    The plaintiff was employed by the defendant in the construction of a railroad bed, and there was evidence tending to show that he was injured by the breaking of a rope, patently defective, and used in operating a pile driver with power furnished by a steam engine, and by the improper operation of the pile driver by another employee: *Held,* that the evidence was sufficient, upon the issue of defendant's negligence, to be submitted to the jury, and the rule of the fellow-servant does not apply. Revisal, sec. 2647.

5. **Master and Servant—Duty of Master—Delegation of Duty—Negligence—Respondeat Superior.**

    It is the primary duty of the master, for which he cannot escape liability by delegating it to another, to exercise ordinary care in supplying his servant with reasonably safe tools and implements and a reasonably safe place in which to perform his work, and, also, to make such reasonable inspection as a man of ordinary prudence would make under similar conditions and circumstances.

6. **Instructions — Verdict Directing — Phases of Evidence — Appeal and Error.**

    A request for special instruction which asks that the court direct an answer to an issue in a certain way in the event of

certain findings of the jury, is properly refused, if it leaves out of consideration certain phases of the evidence which have a material bearing upon the issue.

**7. Appeal and Error—Matters of Law—Superior Court—Verdict—Weight of Evidence.**

The trial court alone has the power to set aside a verdict if rendered against the weight of the evidence, the province of this Court being confined to the correction of errors of law committed on the trial.

APPEAL from *Daniels, J.,* at November Term, 1911, of DAVIDSON.

This action was brought to recover damages for injuries to the plaintiff, alleged to have been caused by the negligence of the defendants, while he was in their employ at Whitney, N. C. Plaintiff complained as follows:

1. The plaintiff, at the time of the injuries hereinafter set out and at the time of the institution of this action, was a resident of the State of North Carolina, and the defendant the Ferguson Contracting Company was a corporation and was doing business, at the time, near the town of Whitney, N. C., and the defendant the Winston-Salem Southbound Railway Company is a corporation organized and doing business under the laws of this State, being engaged, at the time of the injury to plaintiff hereinafter described, through its codefendant, the Ferguson Contracting Company, in the construction of its roadbed near the said town of Whitney.

2. That on or about the 6th day of June, 1910, while in the employment of the Ferguson Contracting Company near the town of Whitney, the plaintiff was injured under the following circumstances: Plaintiff, with a force of hands, was excavating on the south side of a hollow, for the purpose of putting in pedestals, preparatory to the erection of trestles for a bridge at Harper's Fill trestle in Stanly County, and that one Dobbin was, with a force of hands, in charge of a pile driver, and at work for the same company on the other side of the hollow, about three hundred feet away; that the pile driver was operated by means of two ropes, one a manila rope and the other a wire rope; that about the hour of 9 A. M. one of the ropes

broke while the pile driver was being lifted by the engine, and flew with great force and wrapped itself around the plaintiff's neck, jerking him into a pit some fifteen feet deep and severely injuring his back, right shoulder, and left hip, and permanently disabling him; at the time of the injury the plaintiff was standing some five or ten feet from the line of the rope, on a mixing board at work.

3. That the plaintiff's injuries were caused by the carelessness and negligence of the said Dobbin, manager of the pile driver of the defendant Ferguson Contracting Company, in that the rope or cable which broke was defective, some of the strands being worn or broken, and further by his carelessness and negligence in that the pulley over which the said rope runs was not high enough to raise the pile driver, and said pile driver and frame over which the rope ran and on which the pulley was located, being too near on a level, producing too great a strain on the rope and causing it to break.

4. That the said injuries of the plaintiff were brought about by the carelessness and negligence of the defendant the Winston-Salem Southbound Railway Company, in that it failed to keep supervision of the dangerous work being done by Dobbin, and in employing incompetent and unskillful servants and agents to operate the pile driver, and in allowing the said servants and agents to use defective and dangerous machinery and apparatus in pursuit of their work, which brought about injuries to the plaintiff, as above set out, and for which both the defendants are liable as joint tort feasors. That prior to his injuries plaintiff was a skillful and experienced workman, commanding high wages, and earned a salary of from $100 to $200 per month, but since said injuries the plaintiff has been unable and unfit for active work and suffers great mental and bodily pain at all times, to his permanent damage in the sum of $25,000.

The defendants filed separate answers, denying the alleged negligence and averring that the pile driver and two ropes were in good condition and had been properly inspected. They pleaded specially that defendant had been duly warned by Dobbin that they were about to pull on the ropes for the pur-

pose of lifting the pile driver, and to move out of the way of danger, as the ropes might break under the heavy strain put upon them, which plaintiff failed to do, in his own wrong, and was injured. There was evidence to support the allegations of the respective parties.

There was a verdict for the plaintiff, and the defendants appealed.

· *E. E. Raper and McCrary & McCrary for plaintiff.*

*F. C. Robbins, Phillips & Bower, and Watson, Buxton & Watson for Railway Company.*

*Morrison & McLean for Ferguson Contracting Company.*

WALKER, J. It seems to us that the charge explained the law and the evidence to the jury as clearly as it could be done. One of the main issues between the parties related to the character in which the construction company was doing the work for the railway company, the other to the question of negligence. If the construction company was an independent contractor, the other company was not liable for its negligence, unless the work was so inherently dangerous that it could not be let out to another without incurring responsibility for his negligence. We need not discuss this aspect of the case, as we do not think the construction company was an independent contractor, but a servant of its codefendant, the railway company, and, therefore, the latter is liable for its negligence or that of its employees.

The rule as to fellow-servants does not apply. Pell's Revisal, sec. 2647 and note. If the injury to the plaintiff was caused by the negligence of the servant, Dobbin, or by reason of defective machinery or appliances, which defect the exercise of ordinary care would have removed, the defendants are liable: the railway company because the other company was its servant, and the construction company because it had undertaken to do the work and employed Dobbin, as its servant, to assist in doing it. In several respects the contract between the railway company and the construction company plainly reserves control and direction over the work, through its engineer, with the power of discharging any foreman or employee "who is

unskillful or remiss in the performance of his work," and it is provided that a certain part of the work, when ordered to be done by the engineer in charge and representing the railway company, shall be performed and the material therefor furnished "under and according to his direction." The general scope and purpose of the contract indicates an intention and understanding that the railway company should not be considered as having parted with its authority and supervision over the work.

The court, in this case, submitted the question to the jury and required them to find, under the evidence, whether or not the construction company was an independent contractor, giving the jury correct instructions as to what was necessary to constitute one an independent contractor. This matter was fully considered in *Denny v. Burlington,* 155 N. C., 33; *Thomas v. Lumber Co.,* 153 N. C., 351, and *Johnson v. R. R.,* 157 N. C., 382, where the cases are collected.

Generally stated, an independent contractor is one who, in the exercise of an independent employment, contracts to do a piece of work according to his own methods, without being subject to his employer's control, except as to the results of the work, and this we understand to have been substantially the definition given by the court to the jury. Another very terse definition we find in *Smith v. Simmons,* 103 Pa., 32: "Where one who contracts to perform a lawful service for another is independent of his employer in all that pertains to the execution of the work, and is subordinate only in effecting a result in accordance with the employer's design, he is an independent contractor, and in such case the contractor alone and not the employer is liable for damages caused by the contractor's negligence in the execution of the work." And in 26 Cyc., 970, will be found the following statement of the rule: "One who contracts to do a specific piece of work, furnishing his own assistants, and executing the work either entirely in accordance with his own ideas or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is an independent contractor, and not a servant." In

*Beal v. Fiber Co.,* 154 N. C., 147, *Justice Hoke* said: "If the proprietor retains for himself or for his agent (*e. g.,* architect and superintendent) a general control over the work, not only with reference to results, but also with reference to methods of procedure, then the contractor is deemed the mere agent or servant of the proprietor, 'and the rule of *respondeat superior* operates to make the proprietor liable for his wrongful acts or those of his servants, whether the proprietor directly interfered with the work and authorized and commanded the doing of such acts or not. It is not necessary, in such a case, that the employer should actually guide and control the contractor. It is enough that the contract vests him with the right of guidance and control." Read and construed in the light of the authorities, the contract in this case does not establish that independence of service in the construction company which is required to exonerate the railway company from liability for its negligence, and the rule of *respondeat superior* applies.

Upon the question of negligence, there was evidence to show that the rope was defective and insufficient. It is a primary duty of the master to exercise ordinary care in supplying his servant with reasonably safe tools and implements and a reasonably safe place in which to perform his work, and he cannot escape responsibility for the proper discharge of this duty by selecting some one else to perform it. He must see that his duty is performed, and it not being delegable, he cannot shift the obligation to another. ` *Reid v. Rees' Sons Co.,* 155 N. C., 230; 26 Cyc., 1097. And there is also the duty of the master to make such reasonable inspection as a man of ordinary prudence would make under similar conditions and circumstances. *Womble v. Grocery Co.,* 135 N. C., 474; *Cotton v. R. R.,* 149 N. C., 227.

There was also evidence tending to show that the pile driver had not been properly handled by Dobbin. These questions were fairly submitted to the jury with proper instructions as to the law. If the plaintiff was injured by reason of a defect in the rope, which was discoverable by ordinary inspection and was not latent, or by the negligence of Dobbin, he was entitled to recover damages. It does not appear that the defect in the

rope was latent, or, to state it a little differently, there is evidence tending to show that it was not, which the jury had the right to consider. It seems to have been suspected of being unsafe or unreliable, as the defendant alleges contributory negligence on the part of the plaintiff, upon the ground that he had been warned of the danger, if the rope should break, and failed to take care of himself. Besides, the prayers for instruction of both defendants as to the defectiveness of the rope are confined to that single act of negligence, and leave out of consideration the other charge of negligence on the part of Dobbin, and therefore the court could not have instructed the jury to answer the first issue, as to negligence, in the negative, without omitting an important phase of negligence from the instruction. The prayers did not take in all the facts going to prove negligence. A careful perusal of the prayers and the charge leads us to the conclusion that the judge substantially responded to all proper prayers and instructed the jury fully and correctly upon the different matters involved in the case, including the question of contributory negligence. We can only correct errors in law, and not any miscarriage by the jury in finding the facts. This must be left to the supervision of the trial judge, who has the power to set aside the verdict, if against the weight of the evidence.

No error.