ISOM PATRICK v. GIANT LUMBER COMPANY.

(Filed 3 December, 1913.)

**Master and Servant—Contracts—Independent Contractor—Trials—Evidence—Control by Employer.**

In determining the liability for a tort alleged by the defendant to have been committed by an independent contractor, the question is determinative as to whether the employer has the right to control the employee in respect to the work from which the injury arose, whether he exercised the right or not; and where there is evidence of this character of employment and *per contra*, the question of independent contractor should be submitted to the jury under proper instructions, and a motion for judgment as of nonsuit denied.

APPEAL by defendants from *Cline, J.,* at August Term, 1913, of WILKES.

Civil action, tried upon these issues:

1. Did the defendant lumber company set fire to its woodland adjoining the lands of the plaintiff without giving any notice of its intention to do so? Answer: Yes.

2. If so, did such fire escape from defendant's land to and burn over the plaintiff's land, injuring and destroying the plaintiff's fence, timber, and undergrowth, as alleged in the complaint? Answer: Yes.

3. What damage is the plaintiff entitled to recover of the defendant, Giant Lumber Company? Answer: $300.

The defendant appealed.

*Benbow & Caviness, T. C. Bowie for plaintiff.*
*Finley & Hendren, W. W. Barber for defendant.*

BROWN, J. This action was brought to recover damages caused to the plaintiff's land by the negligent setting out of fire of the defendant without giving due notice. The fire spread to the plaintiff's lands and destroyed his timber.

The action was originally brought against W. H. Taylor and Ham Miller, as well as the defendant company, but a nonsuit was taken as to them. The only assignment of error is the refusal of the court to allow the motion to nonsuit.

The defendant contends that the negligence complained of was that of Taylor and Miller, and that they were independent contractors, and that under the evidence as a whole it is not liable for the tort complained of, and that, therefore, the court below should have allowed its motion, under the statute, to nonsuit plaintiff.

The plaintiff, on the other hand, contends that Miller and Taylor were not independent contractors, but that they were sufficiently under the general control of the defendant company to make it liable for the tort complained of.

The sawmill and lands where the fire originated belonged to the defendant company, and the mill was operated by Will Taylor. He testified that he operated the mill from which location the fire got out; that the Giant Lumber Company paid him for it. It was Will Palmer's mill, and George Palmer was foreman.

There is evidence amply sufficient to go to the jury that the control of the operations of Taylor in operating the mill and of Miller in logging it was exercised by the defendant company, and that it retained supervision and control over the servants employed and the methods of work.

The chief consideration which determines one to be an independent contractor is the fact that the employer has no right of control as to the mode of doing the work contracted for. If the employer has the right of control, it is immaterial whether he actually exercises it. 16 Am. and Eng., 188.

We think his Honor committed no error in denying the motion to nonsuit.

No error.