ROBERT GADSDEN v. CRAFT & CO., ET AL., SEABOARD AND COAST LINE RAILROAD COMPANIES.

(Filed 25 April, 1917.)

1. **Master and Servant—Employer and Employee—Independent Contractor—Dangerous Work.**

A contract to erect a reinforced concrete bridge for a railroad company is not necessarily for work so inherently dangerous as to fix liability upon the company, when the relation of independent contractor has been established, for a negligent injury inflicted upon an employee of the contractor in the course of his employment.

2. **Master and Servant—Employer and Employee—Independent Contractor—Respondeat Superior.**

The relation of independent contractor for the building of a bridge for a railroad company does not arise under the terms of the contract, reserving to the company's engineer the authority to direct the work and issue

certificates of payment therefor when done to his satisfaction; and discretionary right to employ and pay laborers and others having claims, upon conditions relating to the progress of the work; and to such additional work to that specified as may thereafter be determined upon, with the right to terminate the contract in whole or in part; and the doctrine of *respondeat superior* applies in an action brought by an employee of the contractor to recover damages for a personal injury negligently inflicted upon him while engaged in the course of his employment.

CIVIL ACTION to recover for physical injury to plaintiff, caused by alleged negligence on the part of the defendants, tried before *Connor, J.,* and a jury, at December Term, 1916, of NEW HANOVER.

There was evidence tending to show that in the fall of 1914 defendants Craft & Co. were engaged in constructing a reinforced concrete bridge over Fourth Street in the city of Wilmington, under a contract with the two defendant railroads, and that on 27 November, 1914, plaintiff, while engaged as an employee in said work, was injured by the fall of a scaffold on which he was placed in the course of his employment, the scaffold having been improperly and insecurely constructed.

On the trial it appeared for defendant companies that the work in question was being done by their codefendant, Craft & Co., under a written contract which was put in evidence and under the terms of which defendants contended that Craft & Co. were independent contractors and that no liability could be properly imputed to the companies by reason of default of such contractor.

The court having intimated an opinion that this was the effect of the contract and the attendant facts in evidence, plaintiff excepted and submitted to a nonsuit as to the railroad companies. There was recovery and judgment for $1,250 damages against Craft & Co. and judgment of nonsuit as to the railroad companies, and from the judgment as to these companies plaintiff appealed.

*A. G. Ricaud for plaintiff.*
*Rountree & Davis for Atlantic Coast Line Railroad.*
*John D. Bellamy and Emmett Bellamy for Seaboard Air Line Railway.*

HOKE, J. Plaintiff objects to the validity of the judgment of nonsuit for the reasons (1) that under the terms of the written agreement Craft & Co. were not independent contractors; (2) that the work in which they were engaged was inherently dangerous, and that the position of independent contractor could in no event be maintained for the benefit of the appellees.

On the record we see nothing to justify the position that the work was inherently dangerous, and the objection made upon that ground must be disallowed. *Scales v. Llewellyn,* 172 N. C., 494. We are of opinion, however, that under the written agreement offered in evidence the powers reserved to the railroads during the performance of the work and as to the manner and methods of doing it are so extended and controlling that Craft & Co. could in no proper sense be considered as independent contractors, but are themselves agents and employees of the railroads, for whose negligent default the companies may be held responsible under the principles of *respondeat superior.*

In *Beal v. Fiber Co.,* 154 N. C., pp. 147-150, the Court quotes with approval from Moll on Independent Contractors, sec. 19, as follows: "In his commentaries on negligence Judge Thompson states the rule thus: If the proprietor retains for himself or for his agent (e.g., architect and superintendent) a general control over the work, not only with reference to results, but also with reference to methods of procedure, then the contractor is not deemed an independent contractor within the meaning of the rule under consideration, but he is deemed the mere agent or servant of the proprietor, and the rule of *respondeat superior* operates to make the proprietor liable for his wrongful acts or those of his servants, whether the proprietor directly interfered with the work and authorized and commanded the doing of such acts or not. It is not necessary in such a case that the employer should actually guide and control the contractor. It is enough that the contract vests him with the right of guidance and control."

And again, from *Smith v. Simmons,* 103 Pa., 32: "Where one who contracts to perform a lawful service for another is independent of his employer in all that pertains to the execution of the work, and is subordinate only in a result in accordance with the employer's designs, he is an independent contractor, and in such case the contractor alone and not the employer is liable for damages caused by the contractor's negligence in the execution of the work."

These tests for determining the position of an independent contractor are in accord with the generally prevailing doctrine and have been recently approved and applied in several decisions of this Court. *Embler v. Lumber Co.,* 167 N. C., 457; *Harmon v. Contracting Co.,* 159 N. C., 22; *Johnson v. R. R.,* 157 N. C., 382; *Hopper v. Ordway,* 157 N. C., 125; *Denny v. Burlington,* 155 N. C., 33.

True, in *Denny v. Burlington* and in *Hopper v. Ordway, supra,* it was held that, "When the relation of independent contractor has been created, within the meaning of these definitions, the result is not affected by the fact that an agent of the proprietor is to be present for

the purpose of seeing that the work is done according to specifications." *Johnson v. R. R.,* 157 N. C., pp. 382-384. No more would conditions be changed by the mere fact that the contract contains provision that in case of failure to perform properly the proprietor could take over the contract and complete the same.

But in our opinion the powers reserved to the companies and their immediate agents by the provisions of the present contract go much beyond anything appearing in these decisions or the principles they are intended to sustain.

In the opening clause of the contract there is stipulation that "The *work* is to be done and finished agreeably to the directions and orders of the chief engineer of one of the defendants or his assistants." This officer, too, is given large powers with reference to modifications of the plans as the work progresses. His decision as to amounts due on the previous estimates is absolutely conclusive, and, in the final estimate, the amount due is to be paid when the entire work is completed to the satisfaction of the said engineer and on his certificate that it has been done according to specifications and in accordance with *his directions* and to his satisfaction and acceptance. In another clause the work is to begin at once and be completed on or before a specified period and prosecuted with such force as the engineer may deem adequate, and "If said party shall fail to prosecute the work with sufficient force in the opinion of said engineer, the latter or such agent or agents as he may designate, may proceed to employ such number of workmen, laborers, and overseers as may be necessary to insure completion at such wages as they may find necessary or expedient and charge same over to Craft & Co. on the contract," etc. And again: "Or for failure to prosecute the work with an adequate force or *for noncompliance* with his *directions* in regard to the *manner of constructing* it, or for failure to complete the work within the time limit, or for other delays in the performance of or any omission or neglect of the requirements of the agreement and specification on the part of the party of the first part, the said engineer may, at his discretion, declare this contract or any portion or section of it forfeited and the railroad companies exonerated from all liability under it."

In section 12 stipulation is made as follows: "It is further understood and agreed that the parties of the second and third parts, the railroad companies, jointly and severally, may at any time, either with or without an estimate furnished, pay any moneys directly to the employees and others having claims and demands against the party of the first part for work done and material furnished to the party of the

first part for the purpose of this contract, and may at any time require voucher for the payment to employees and others having claims and demands against the party of the first part for the purposes aforesaid."

And section 13: "If during the progress of the work contracted for, which shall be under the direction of the engineer not contemplated in the specifications mentioned in section 1 of this agreement and not specifically included herein, which work cannot, in the opinion of the engineer, be accurately measured or estimated under the terms of this contract, then in that case the same shall be paid for at actual cost for labor and materials furnished by the party of the first part, with 10 per cent added for superintendence and use of tools; and it is further agreed and understood that all terms and stipulations of this contract, as far as may be applicable, shall attach to all work so done, which work for all purposes shall be deemed part of the work contracted for by the party of the first part hereunder."

From these stipulations and under the principles approved and sustained by the authorities cited, it will sufficiently appear, as stated, that the powers over this work reserved to the companies and their agents, in the course of its performance and as to the manner and methods of doing it, are of such a character and extent as to constitute the contractor, Crafts & Co., the agents and employees of the railroads in reference to the construction of this bridge, and the rights of the parties. must be adjusted on that basis.

There is error, and this will be certified, that the question of the responsibility of the appellees may be properly determined.

Reversed.