Action to recover damages for personal injuries sustained by plaintiff while at work as a laborer in the construction of a public highway in Ashe County.
Defendant, Callahan Construction Company, in November, 1919, entered into a written contract with the highway commission of Ashe County, by which defendant undertook to construct for said highway commission a public highway from Lansing, N.C. up Little Horse Creek, to or near White Oak Schoolhouse. Defendant, thereafter, entered into a contract with E. T. Williams by which the said Williams undertook the construction of a portion of said highway in accordance with the contract between defendant and the highway commission.
Plaintiff was employed by the said E. T. Williams during January, 1921, to do whatever he was directed to do as a laborer in the construction of that portion of said highway which said Williams had undertaken to construct. He had no regular job. He sometimes used a pick and shovel, and sometimes worked at the steam drill. He had occasionally aided in blasting with dynamite. He was subject to the orders of Williams or his foreman.
On or about 27 May, 1921, plaintiff was directed by his foreman to take caps, fuses and dynamite, and "shoot off" thirteen holes which had been drilled within a space about ten feet square, for the purpose of blasting. This blasting was necessary for the construction of said highway, under the contract between defendant and the highway commission. An electric battery by means of which the fuses could be ignited from a distance of a hundred feet or more, had been used on the job for igniting the fuses and exploding the dynamite. On this day, however, the electric battery, under the orders of Williams or his foreman, had been taken to another job. Plaintiff was directed by his foreman to ignite the fuses, and thus explode the dynamite, which he *Page 633 
had placed in said holes, by means of a torch, made of pine bark, upon which oil had been poured. Plaintiff was then about twenty-one years of age, and had had no previous experience in blasting with dynamite. He did as he was directed. As he was raising up to leave the place where the holes had been drilled, after igniting the fuses with the torch, the dynamite in one of the holes exploded and thus injured his eye; he was taken at once to a hospital where, after a few weeks, his eye was removed by a surgeon because of the injury sustained by him as a result of the explosion of the dynamite.
The issues answered by the jury are as follows:
1. Was the plaintiff injured by the negligence of defendant as alleged in the complaint? Answer: Yes.
2. Did the plaintiff by his own negligence contribute to his injury as alleged in the answer? Answer: No.
3. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $5,500.
From the judgment upon this verdict, defendant appealed.
Defendant, by its assignments of error, based upon exceptions duly taken, presents to this Court, upon appeal from the judgment rendered upon the verdict, its contention that although plaintiff at the time of his injury was engaged in work upon the highway which it had contracted to do, and that although such injury was caused by the failure to instruct plaintiff as to the danger of the work which he was directed to do or by the failure to exercise reasonable care to provide for him a reasonably safe place in which to work, or by the failure to exercise reasonable care to provide reasonably safe methods for the performance of his work as a laborer in the construction of said highway, defendant is not liable to plaintiff for damages resulting from his injury because plaintiff was not an employee of defendant but was an employee of E. T. Williams, and that therefore defendant owed plaintiff no duty, the breach of which is alleged in the complaint as the proximate cause of the injury.
After all the evidence had been introduced, defendant admitted that E. T. Williams, by whom plaintiff was employed and under whose direction he was at work when he was injured, was an independent contractor of defendant. Defendant in its answer admitted that it was necessary to use dynamite for blasting in the construction of said highway under its contract with the highway commission of Ashe County. *Page 634 
The question presented by this appeal, therefore, is whether one who has undertaken the construction of a public highway and who has sublet the construction of a portion of said highway to one who by reason of the terms and provisions of the subcontract is an independent contractor, is liable to an employee of such independent contractor who is injured while at work in the construction of said highway, blasting with dynamite, and whose injury is caused by the breach of a duty which, under the law, an employer owes to his employee, it being admitted that in the construction of the highway under the contract, it was necessary to use dynamite for blasting.
The law relative to the duties which a master or employer owes to his servant or employee while engaged in the performance of duties incident to his employment, is well settled in this and other states whose jurisprudence has a common origin and where the growth of the law has been guided by legislation founded upon just principles and has been responsive to judicial decisions influenced by an enlightened social conscience; for "the law is not fossilized; it is a growth. It grows more just with the growing humanity of the age and broadens with the processes of the suns."Clark, C. J., Pressly v. Yarn Mills, 138 N.C. 416. By growth and development the law meets the manifest requirements of ever-changing economic and industrial conditions. In his dissenting opinion in Vogh v.Geer, 171 N.C. 672, Chief Justice Clark, again said: "The modern and just doctrine that when there are large numbers of employees `the business shall bear the loss' from injury to an employee and that the whole burden shall not fall, as heretofore, with crushing effect upon the unfortunate employee and his dependent family, is now the attitude of the law as it has been expressed by legislation and later by the courts." The law, however, does not hold a master or employer, even of a large number of servants or employees, liable as an insurer. Liability is predicated only upon negligence or breach of duty. Breach of duties by a master or employer resulting as the proximate cause in injuries to the servant or employee, fixes upon the master or employer liability for damages for the injuries sustained by the servant or employee. These duties grow out of and are determined by the relationship; liability for damages caused by a breach of such duties is enforced not only in accordance with correct legal principles, but also in accordance with a sound public policy and in furtherance of an enlightened conception of social justice. However, when the relationship of master or employer and servant or employee does not exist between the person injured and the person upon whom demand for damages is made, there is no liability which the law recognizes and enforces because there is no duty, the breach of which can be assigned as the proximate cause of the injury. *Page 635 
One for whom work is done is not the master or employer of him who has contracted to do the work when by virtue of the terms of the contract, the latter is an independent contractor; nor does the relationship exist between a contractor and his subcontractor when the latter is an independent contractor. An independent contractor has been defined as one who exercises an independent employment, contracts to do a piece of work according to his own judgment and methods and without being subject to his employer except as to the results of the work and who has the right to employ and direct the action of the workmen, independently of such employer and freed from any superior authority in him to say how the specified work shall be done or what the laborers shall do as it progresses. Craft v.Timber Co., 132 N.C. 151; Young v. Lumber Co., 147 N.C. 26; Gay v. R.R., 148 N.C. 336; Denny v. Burlington, 155 N.C. 33; Johnson v. R. R.,157 N.C. 382; Hopper v. Ordway, 157 N.C. 125; Harmon v. ContractingCo., 159 N.C. 22; Embler v. Lumber Co., 167 N.C. 457; Vogh v. Geer,171 N.C. 672; Gadsden v. Craft, 173 N.C. 418; Simmons v. Lumber Co.,174 N.C. 220; Cole v. Durham, 176 N.C. 289; Aderholt v. Condon,189 N.C. 748; Paderick v. Lumber Co., ante, 308.
The owner, for whom work is done under a contract, does not owe to employees of his independent contractor, as thus defined, the same duties which a master or employer owes to his servant or employee; nor does a contractor owe such duties to employees of his subcontractor when by the terms of the subcontract the latter is an independent contractor. The relationship between the owner and such employees or between the contractor and such employees is not that of master and servant. It is well settled, therefore, as a general rule, that neither the owner nor the original contractor is liable for the negligence of an independent contractor which results in injury to an employee or servant of the latter. 14 R. C. L., pp. 79, 80, and cases cited. "Where the contract is for something that may be lawfully done and is proper in its terms and there has been no negligence in selecting a suitable person to contract with in respect to it, and no general control is reserved either in respect to the manner of doing the work or the agents to be employed in it and the person for whom the work is to be done is interested only in the ultimate result of the work, and not in the several steps as it progresses, the latter is not liable to third persons for the negligence of the contractor as his master." Cooley on Torts, 2 ed., sec. 548, p. 646. "An independent contractor is one who undertakes to produce a given result but so that in the actual execution of the work he is not under the order or control of the person for whom he does it and may use his own discretion in things not specified beforehand. For the acts or *Page 636 
omissions of such a one about the performance of his undertaking, his employer is not liable to strangers." Pollock on Torts, 12 ed., p. 80.
The rule exempting an owner or contractor from liability for the negligence of an independent contractor to a stranger or third person does not necessarily exempt such owner or contractor from liability to the servant or employee of the independent contractor who is injured while engaged in work for the ultimate benefit of such owner or contractor. There is a relationship between the owner or contractor and the servant or employee of the independent contractor which may impose upon the former duties which the law does not impose upon him with respect to strangers or third persons. The law would not be just to itself or to those who have a right to rely upon it for protection, if an owner or contractor could, in all cases, by committing the work in which he is interested to an independent contractor, secure absolute exemption from all liability to those who by their labor and by methods and under circumstances contemplated when the original contract was made, contribute to its full performance.
It is therefore conceded that upon grounds of public policy as well as of justice to individuals, certain exceptions must be made to the general rule exempting owners or contractors from liability for the negligence of an independent contractor. It is by exceptions to general rules that the law adapts itself to the facts of particular cases in order that the enforcement of general rules, just as they may be when applied to general conditions, may not by disregarding the facts of particular cases, cause injustice to be done. "Where the thing contracted to be done is necessarily attended with danger, however skillfully and carefully performed, or is intrinsically dangerous, it is held that the party who lets the contract to do the act cannot thereby escape responsibility for any injury resulting from its execution, although the act to be performed may be lawful. But if the act to be done may be safely done in the exercise of due care, although in the absence of such care, injurious consequences to third persons would be likely to result, then the contractor alone is liable, provided it was his duty under the contract to exercise such care." Engle v. Eureka Club,13 N.Y. 100; Young v. Lumber Co., 147 N.C. 26.
In Paderick v. Lumber Co., ante, 308, it was held by this Court that an owner who furnished defective machinery to its independent contractor, whose employee was killed by the operation of such defective machinery, was liable to the administratrix of such employee for damages. Clarkson, J., in the opinion for the Court, says: "Under all the facts and circumstances of this case, defendant having agreed with L. L. Paderick (who was found by the jury to be an independent contractor) to furnish the loader, in so far as L. L. Paderick and those in his employ *Page 637 
are concerned, in the operation of the loader, the principle of master and servant was applicable." It was held that the defendant owed to the employee of the independent contractor the duties prescribed by law to be observed by a master to a servant.
In Williams v. Lumber Co., 176 N.C. 174, the defense based upon defendant's contention that the injury was the result of the negligence of an independent contractor was held unavailing to defendant, Walker, J., saying: "The Camp Company was authorized to do the work in this way, by using an engine — a dangerous instrumentality — and even if an independent contractor, as contended by defendant, it would still be liable for his acts and the damage which was caused by his acts."
In Cole v. Durham, 176 N.C. 289, it is said: "Conceding for the sake of argument, that but for the nature of the work to be done he would be an independent contractor and liable solely for his own negligence, we are of the opinion that the work was of a hazardous character or inherently dangerous, as it is said, and that such a plea does not avail the power company."
The principle as stated in Davis v. Summerfield, 133 N.C. 325, is that a man who orders a work to be executed, from which in the natural course of things, injurious consequences to others might be expected to arise, unless means are adopted by which such consequences may be prevented, is bound to see to the doing of that which is necessary to prevent the mischief, and cannot relieve himself of his responsibility by employing some one else — whether it be the contractor to do the work from which the danger arises, or some independent person — to do what is necessary to prevent the act he has ordered to be done from becoming wrongful. There is an obvious difference between committing work to a contractor to be executed, from which if properly done, no injurious consequences can arise, and handing over to him work to be done from which mischievous consequences will arise unless preventive measures are adopted.
Defendant, having undertaken the construction of the highway, with knowledge that it would be necessary to use dynamite for blasting, in performing the work, is not relieved of liability for damages to plaintiff, who was wrongfully injured, while blasting with dynamite, because plaintiff was an employee of an independent contractor, who by his contract undertook to do the work, by blasting with dynamite. Under all the facts and circumstances of this case, as said in Paderick v. Lumber Co., supra, defendant having procured E. T. Williams to do the work, which required the use of dynamite — a dangerous instrumentality — stood in the relation of master and servant to plaintiff, an employee of Williams, while engaged in such work, with the instrumentality contemplated when defendant entered into the contract with the highway *Page 638 
commission. Defendant owed to plaintiff the duties growing out of that relationship, and is liable to plaintiff for damages resulting from injuries caused by breach of such duties. Defendant, having undertaken the construction of the highway, with knowledge that blasting by dynamite was necessary to perform the work under its contract, is not relieved of liability to a laborer, who is injured while engaged in such work, with the dangerous instrumentality contemplated and necessary, because such laborer was an employee of an independent contractor of defendant, whose negligence was the proximate cause of the injury.
We have examined each of the assignments of error based upon exceptions taken by defendant during the progress of the trial. These assignments of error cannot be sustained. The judgment must be affirmed. There is
No error.