EDWIN JAMES v. FARMERS PEANUT COMPANY.

(Filed 19 February, 1930.)

**Master and Servant D a—The letter of an independent contract is not ordinarily liable for injury to employee of independent contractor.**

　　The owner of a building is not liable in damages to an employee of an independent contractor injured while engaged in painting the building under the independent contract therefor.

APPEAL by plaintiff from *Moore, Special Judge,* at October Term, 1929, of PASQUOTANK. Affirmed.

Action to recover damages resulting from personal injuries sustained by plaintiff, and alleged to have been caused by the negligence of defendant.

It is conceded that at the time plaintiff was injured, he was at work as the employee of an independent contractor, on a building owned by the defendant.

From judgment dismissing the action as upon nonsuit, at the close of the evidence for plaintiff (C. S., 567), plaintiff appealed to the Supreme Court.

*Thompson & Wilson for plaintiff.*
*Ehringhaus & Hall, Hughes, Little & Seawell and Worth & Horner for defendant.*

PER CURIAM. The evidence offered by plaintiff at the trial of this action fails to show a breach by defendant of any duty which the defendant owed to the plaintiff. Plaintiff was not an employee of defendant; he was the employee of an independent contractor, who had undertaken by his contract with defendant to paint a building owned by defendant. Plaintiff was injured while at work as the employee of the independent contractor.

The general rule that the contractee is not liable for injuries to employees of an independent contractor, where such injuries are caused by the negligence of the latter, is applicable to the facts shown by the evidence in the instant case. 39 C. J., 1341. Upon these facts, exceptions to this rule, recognized and applied in *Paderick v. Lumber Co.,* 190 N. C., 308, 130 S. E., 29, and in *Greer v. Const. Co.,* 190 N. C., 632, 130 S. E., 739, are not applicable. There is no error in the judgment.

Affirmed.