LEE M. BRYSON ET AL. *v.* GLOUCESTER LUMBER COMPANY ET AL.

(Filed 17 May, 1933.)

1. **Master and Servant F i—**

   The finding of the Industrial Commission that the deceased was an employee is binding if supported by any competent evidence.

2. **Master and Servant A b—**

   One who represents another only as to the results of a piece of work, and not as to the means of accomplishing it, is an independent contractor and not a servant or employee.

3. **Master and Servant F a—Evidence held to establish that deceased was an independent contractor and not an employee.**

   Evidence tending to show that the deceased was engaged in hauling logs to a pond for the defendant, and that deceased was at liberty to

haul the logs in his own way, employed his own assistants and owned the truck and trailer used by him in the work, and was paid a certain sum per thousand feet for the logs hauled, and that he was killed when his truck overturned in the performance of the work, *is held* to show that deceased was an independent contractor and not an employee, and the claim of his dependents for compensation should have been denied.

APPEAL by plaintiffs from *Townsend, Special Judge,* at December Term, 1932, of TRANSYLVANIA.

Proceedings brought under Workmen's Compensation Act by dependents of Lee M. Bryson, deceased, to determine liability of Gloucester Lumber Company, alleged employer, and American Mutual Liability Insurance Company, alleged carrier.

The gravamen of the complaint is that Lee M. Bryson was an employee of the Gloucester Lumber Company at the time of his injury and death. He was engaged in hauling logs from the woods and placing them in a pond, when the truck he was driving turned over and killed him. The deceased owned the truck and trailer. He was paid $7.00 per thousand feet for hauling the logs. He employed his own assistants, and was at liberty to haul the logs in his own way, without direction from any of the officials of the Lumber Company.

From an award by the Industrial Commission, the defendant appealed to the Superior Court, where judgment was entered dismissing the proceeding on the ground that the deceased was an independent contractor and not an employee of the defendant lumber company at the time of his injury and death.

Plaintiffs appeal, assigning errors.

*Lewis P. Hamlin for plaintiffs.*
*Johnson, Smathers & Rollins for defendants.*

STACY, C. J. The case turns on whether Lee M. Bryson was an independent contractor, or a servant or employee of the Gloucester Lumber Company at the time of his injury and death. The Industrial Commission found that he was an employee and awarded compensation, which finding, if supported by any competent evidence, is binding on the courts. *Winberry v. Farley Stores, Inc., ante,* 79; *Webb v. Tomlinson,* 202 N. C., 860, 164 S. E., 341.

The judge of the Superior Court, on the other hand, was of opinion that all the evidence tends to show the deceased was an independent contractor. With this view, we are constrained to agree.

Generally speaking, an independent contractor is one who undertakes to produce a given result, but so that in the actual execution of the work he is not under the orders or control of the person for whom he does it,

and may use his own discretion in matters and things not specified. *Young v. Lumber Co.,* 147 N. C., 26, 60 S. E., 654; *Gay v. R. R.,* 148 N. C., 336, 62 S. E., 436; *Beal v. Fibre Co.,* 154 N. C., 147, 69 S. E., 834; *Denny v. Burlington,* 155 N. C., 33, 70 S. E., 1085; *Harmon v. Contracting Co.,* 159 N. C., 22, 74 S. E., 632.

One who represents another only as to the results of a piece of work, and not as to the means of accomplishing it, is an independent contractor and not a servant or employee. *Powell v. Const. Co.,* 88 Tenn., 696.

Tested by this standard, it would seem that the deceased was an independent contractor, and not an employee of the Gloucester Lumber Company, at the time of his injury and death.

Affirmed.