SAM TEAGUE v. LOUISVILLE & NASHVILLE RAILROAD COMPANY,
AND SCOTT LANEY AND FRANK LANEY.

(Filed 22 September, 1937.)

**Master and Servant § 13—Contract in this case held to constitute person agreeing to perform the work an independent contractor.**

> One who contracts to construct certain railroad grading, furnishing all requisite labor, tools and machinery, and to complete same in accordance with stakes set and instructions given by the railroad company's engineer, the excavated material to be used in making certain fills, payment for quantities excavated to constitute complete payment for work done in executing the contract, *is held* to be an independent contractor, and the railroad company is not liable for injuries received by an employee of the independent contractor while engaged in the work.

APPEAL by plaintiff from *Phillips, J.,* at January Term, 1937, of CHEROKEE. Affirmed.

Action for damages for personal injury alleged to have been suffered by the plaintiff while employed by defendants Laney in certain grading and excavating work for defendant Railroad Company. The defendant Railroad Company pleaded that its codefendants, Scott Laney and Frank Laney, were independent contractors, under a written contract entered into between them for doing this work.

Before the introduction of evidence, by consent of all parties, the written contract was submitted to the court for construction, and upon intimation by the court that it would hold that the written contract constituted defendants Laney independent contractors, plaintiff, in deference to the opinion of the court, submitted to a voluntary nonsuit and appealed.

*Moody & Moody for plaintiff, appellant.*
*Gray & Christopher for defendant Louisville & Nashville Railroad Company.* .

DEVIN, J. The only question presented by this appeal is whether the written contract between the defendants was such as to constitute Scott and Frank Laney independent contractors, and thus relieve the defendant Railroad Company of liability for injury to one of Laneys' employees while engaged in the work contemplated by the contract.

The pertinent portions of the contract are as follows:

"1. The contractor is to construct and furnish in a good, skillful, substantial, and workmanlike manner, and with all the requisite labor, teams, tools, machinery, equipment, and materials sufficient and proper

2—212

of their several kinds and complete all the grading as may be required on the revision of alignment on the wye tracks at Murphy, North Carolina, on the Murphy Branch of the Railroad Company in accordance with the stakes set and the instructions given by the engineer of the Railroad Company.

"2. All material excavated shall be classified as 'common' excavation and paid for at the unit price as hereinafter set forth. The excavated material shall be used in making the fill on the south leg of the wye and in widening and shifting the approach and street crossing located at the west wye switch. All excess material excavated after making the necessary fills shall be wasted on the right of way of the Railroad Company as directed by the Railroad Company's engineer, using particular care to provide for drainage.

"3. The quantities for which the contractor is to be paid shall be measured and figured by the Railroad Company's engineer. Only excavated quantities shall be paid for. It being distinctly understood that these excavated quantities shall be used in making the necessary fills, etc., without additional expense to the Railroad Company. The payment for quantities excavated shall constitute complete payment for work done and materials, etc., furnished in executing this contract."

The contract contained the further provision, that it was "understood that the contractor has investigated the conditions and all other pertinent matters for himself and is acting upon his own judgment."

In *Greer v. Construction Co.,* 190 N. C., 632, the term "independent contractor" is defined as follows: "An independent contractor has been defined as one who exercises an independent employment, contracts to do a piece of work according to his own judgment and methods, and without being subject to his employer except as to the results of the work, and who has the right to employ and direct the action of the workmen, independently of such employer and freed from any superior authority in him to say how the specified work shall be done or what the laborers shall do as it progresses. *Craft v. Timber Co.,* 132 N. C., 151; *Young v. Lumber Co.,* 147 N. C., 26; *Gay v. R. R.,* 148 N. C., 336; *Denny v. Burlington,* 155 N. C., 33; *Johnson v. R. R.,* 157 N. C., 382; *Hopper v. Ordway,* 157 N. C., 125; *Harmon v. Contracting Co.,* 159 N. C., 22; *Embler v. Lumber Co.,* 167 N. C., 457; *Vogh v. Geer,* 171 N. C., 672; *Gadsden v. Craft,* 173 N. C., 418; *Simmons v. Lumber Co.,* 174 N. C., 220; *Cole v. Durham,* 176 N. C., 289; *Aderholt v. Condon,* 189 N. C., 748; *Paderick v. Lumber Co.,* 190 N. C., 308."

In *Drake v. Asheville,* 194 N. C., 6, other and similar definitions are quoted.

In *Lumber Co. v. Motor Co.,* 192 N. C., 378, and in *Gadsden v. Craft, supra,* where the doctrine of independent contractor was held inap-

plicable, the distinction is clearly drawn. In the former case it was said: "The Spear Motor Company reserved the right not only to direct the manner in which the work should be done, but also to specify what material should be used. The right to control the work in every detail, and at every stage, was retained by Spear Motor Company." And in *Gadsden v. Craft, supra,* the contract stated: "The work is to be done and finished agreeably to the directions of the chief engineer of one of the defendants or his assistants."

Applying the principles set forth in the cases cited, we conclude that the court below correctly interpreted the contract in the case at bar, and that the judgment of nonsuit must be

Affirmed.