MRS. JOE SCOTT, MOTHER; JOE SCOTT, FATHER; CALVIN SCOTT, DECEASED (EMPLOYEE), v. WACCAMAW LUMBER COMPANY AND/OR TABOR CITY LUMBER COMPANY (EMPLOYER), INSURED BY EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN (CARRIER), AND/OR CROSS MILLIGAN, NON-INSURER (EMPLOYER).

(Filed 24 May, 1950.)

**1. Master and Servant § 39b—**

Compensation is recoverable only against the employer of the injured workman, and therefore if the workman is an employee of an independent contractor, the employer of the independent contractor cannot be held liable for compensation.   G.S. 97-2.

**2. Same—**

Whether a person is an independent contractor or an employee within the meaning of the Workmen's Compensation Act is to be determined in accordance with the common law.

**3. Master and Servant § 4a—**

Where the employer has the right to control the manner and method of doing the work, irrespective of whether such control is exercised or not, the relation is that of employer and employee, but if the employer has the right merely to require certain definite results in conformity to the contract, the relation is that of employer and independent contractor.

**4. Master and Servant § 39b—**

Evidence tending to show, *inter alia*, that defendant lumber company operated a sawmill as a part of its general business, that it owned the sawmill, controlled the premises where the work was performed, determined the amount of work to be done thereat, gave directions on occasion as to dimensions of the lumber to be sawed, and that the person directing the sawmill operations worked exclusively for the lumber company, which had the power to discharge him at any time with or without cause, *is held* sufficient to support a finding that the director of the sawmill operations was a supervisory employee and not an independent contractor.

**5. Master and Servant § 55d—**

Findings of fact of the Industrial Commission that the superior of the injured workman was a supervisory employee and not an independent contractor is conclusive on appeal when supported by competent evidence.

APPEAL by defendants, Waccamaw Lumber Company, and Employers Mutual Liability Insurance Company of Wisconsin, from Stevens, J., at the February Term, 1950, of the Superior Court of Robeson County.

Proceeding under the North Carolina Workmen's Compensation Act.

The Waccamaw Lumber Company was engaged in manufacturing and selling lumber. In carrying on its business, it bought standing timber; cut such timber into logs of convenient size; and transported such logs from the woods to its place of business in Tabor City, North Carolina, where the logs were sawed into lumber at its sawmill, and the lumber was stacked on its yard preliminary to sale.

The sawing of the logs and the removal of the resulting lumber from the sawmill to the yard was done by Calvin Scott and some ten fellow workmen, whose activities in these respects were directed by one Cross Milligan. Milligan performed his work in the premises pursuant to an oral contract between him and the Waccamaw Lumber Company.

Calvin Scott met his death on 3 September, 1948, as the result of an injury by accident arising out of and in the course of his employment at the sawmill of the Waccamaw Lumber Company.

The plaintiffs, as next of kin, applied to the Industrial Commission for an award of compensation against the Waccamaw Lumber Company and its insurance carrier, Employers Mutual Liability Insurance Company of Wisconsin, under G.S. 97-40 and other relevant provisions of the Workmen's Compensation Act on the theory that Calvin Scott was an employee of the Waccamaw Lumber Company at the time of his accident and death. The Waccamaw Lumber Company and its insurance carrier denied liability to the plaintiffs. They specifically asserted that Milligan operated the sawmill in the character of an independent contractor, and that for this reason the decedent was an employee of Milligan, and not of the Waccamaw Lumber Company, at the time of the tragedy. The plaintiffs countered these assertions with the contention that Milligan acted as a mere supervisory employee of the Waccamaw Lumber Company in his management of the sawmill.

All parties to the proceeding offered evidence before the Hearing Commissioner for the avowed purpose of sustaining their respective contentions. Some of the testimony presented by the Waccamaw Lumber Company and its insurance carrier indicated that Milligan was an independent contractor at the time in controversy. But when the proceeding reached it on appeal from the Hearing Commissioner, the Full Commission found as facts from evidence adduced before the Hearing Commissioner and set out in the opinion which follows that Milligan operated the sawmill as a supervisory employee of the Waccamaw Lumber Company rather than as an independent contractor, and that the deceased was an employee of

the Waccamaw Lumber Company rather than an employee of Milligan at the time of his injury and death.

On the basis of these findings and the resultant conclusions of law, the Full Commission made an award in favor of plaintiffs, and the Waccamaw Lumber Company and its insurance carrier appealed to the Superior Court of Robeson County, which rendered judgment affirming the award. The Waccamaw Lumber Company and its insurance carrier excepted to the judgment of the Superior Court, and appealed to the Supreme Court, assigning errors.

*L. J. Britt and McLean & Stacy for plaintiffs, appellees.*

*David M. Britt for defendants, Waccamaw Lumber Company and Employers Mutual Liability Insurance Company of Wisconsin, appellants.*

Ervin, J. An injured person, or his dependent or next of kin, is entitled to compensation under the North Carolina Workmen's Compensation Act only if he is an employee of the party from whom compensation is claimed at the time of his injury or death. G.S. 97-2. For this reason, the injured employee of an independent contractor, or his dependent or next of kin, cannot recover compensation from the employer of the independent contractor. *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515.

The deceased was working under the direction of Milligan at the time of his fatal injury. This being true, this proceeding turns on whether Milligan was then acting as an independent contractor or as a mere supervisory employee of the Waccamaw Lumber Company. The Industrial Commission resolved this crucial question of fact in favor of the plaintiffs, and the appellants challenge the validity of the ensuing award by assignments of error asserting that there was no competent evidence before the Industrial Commission to support its essential findings that Milligan operated the sawmill as a supervisory employee of the Waccamaw Lumber Company rather than as an independent contractor, and that the deceased was an employee of the Waccamaw Lumber Company rather than an employee of Milligan at the time of his injury and death.

The question whether one employed to perform specified work for another is to be regarded as an independent contractor, or as an employee within the operation of the Workmen's Compensation Act is determined by the application of the ordinary common-law tests. 58 Am. Jur., Workmen's Compensation, section 138.

An independent contractor is one who exercises an independent employment, and contracts to do specified work for another by his own methods without subjection to the control of his employer, except as to the result of his work. His one indispensable characteristic is that he contracts to do certain work, and has the right to control the manner or method

of doing it. The test to be applied in determining whether the relationship of the parties under a contract for the performance of work is that of employer and employee, or that of employer and independent contractor is whether the party for whom the work is being done has the right to control the worker with respect to the manner or method of doing the work, as distinguished from the right merely to require certain definite results conforming to the contract. If the employer has the right of control, it is immaterial whether he actually exercises it. *Brown v. Truck Lines,* 227 N.C. 299, 42 S.E. 2d 71; *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137; *Lassiter v. Cline,* 222 N.C. 271, 22 S.E. 2d 558; *Graham v. Wall,* 220 N.C. 84, 16 S.E. 2d 691; *Beach v. McLean, supra; Construction Co. v. Holding Corporation,* 207 N.C. 1, 175 S.E. 843; *Bryson v. Lumber Co.,* 204 N.C. 664, 169 S.E. 276; *Inman v. Refining Co.,* 194 N.C. 566, 140 S.E. 289; *Aderholt v. Condon,* 189 N.C. 748, 128 S.E. 337; *Cole v. Durham,* 176 N.C. 289, 97 S.E. 33; *Gadsden v. Craft,* 173 N.C. 418, 92 S.E. 174; *Patrick v. Lumber Co.,* 164 N.C. 208, 80 S.E. 153; *Johnson v. R. R.,* 157 N.C. 382, 72 S.E. 1057; *Beal v. Fiber Co.,* 154 N.C. 147, 69 S.E. 834.

There was no evidence of any express agreement giving the Waccamaw Lumber Company the right to control the manner or method of performing the work at the sawmill.

But the testimony of all the parties disclosed these facts indicative of an employer-employee relationship between the Waccamaw Lumber Company and Milligan: That the work in question was not an independent undertaking, but constituted a part of the general business of the Waccamaw Lumber Company; that the Waccamaw Lumber Company owned and furnished the sawmill used in the work; that the Waccamaw Lumber Company controlled the premises where the work was performed; that the Waccamaw Lumber Company determined the amount of work to be done at the sawmill by the quantity of logs it delivered; that Milligan devoted all his energy and time to the service of the Waccamaw Lumber Company; that the Waccamaw Lumber Company gave Milligan specific directions at its pleasure as to the dimensions of the lumber to be sawed; that the Waccamaw Lumber Company had the right to discharge Milligan with or without cause at any time; that Milligan made no effort to procure compensation insurance covering the sawmill hands or to satisfy the Industrial Commission of his financial responsibility as a self-insurer; and that the Waccamaw Lumber Company extended credit to the sawmill hands at the commissary which it operated for the benefit of its employees.

The plaintiffs introduced additional testimony, which was in sharp conflict with evidence presented by the appellants, tending to show that the Waccamaw Lumber Company did these things through the agency of its

yard superintendent, Gordon Fowler: That it hired the deceased to work for it; that it caused the deceased to labor at times in its lumber yard under the supervision of Fowler, and to work at other times at its sawmill under the direction of Milligan; and that it paid the wages of the deceased and his fellow workmen for the labor which they performed at the sawmill. Moreover, Milligan, who was a witness in the proceeding, conceded on his cross-examination by counsel for the plaintiffs that he "worked for the Waccamaw Lumber Company, the Company that was running the sawmill."

These things being true, there was sufficient competent evidence before the Industrial Commission to warrant the inference that the Waccamaw Lumber Company had the right to control Milligan and his subordinates in respect to the manner or method of doing their work, and to support the findings challenged by the assignments of error of the appellants. This necessitates an affirmance. *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760.

Affirmed.