In this case, Mr. David C. James, deceased, was laying temporary telephone line for defendant on 2 July 1997 when he sustained fatal injuries from being electrocuted. The primary issue before the Full Commission was whether the decedent was an employee of defendant or working as an independent contractor at the time of his death. Because, in my opinion, the majority has improperly weighed the relevant factors and misapplied the law, I respectfully dissent from its decision and would have reversed the Opinion and Award of the Deputy Commissioner.
Our courts have listed several factors which should be analyzed when determining whether or not an individual is an employee versus an independent contractor. Among the factors listed in various cases are the following: (1) whether the employer retains the right to fire the individual; (2) the method of payment used; (3) whether equipment is furnished by the employer; (4) whether the employer retains the right to supervise; (5) the amount of time spent by the individual working for the employer; and (6) is the individual performing the same type of work as the employer. See e.g., Youngblood v. North State Ford Truck Sales,321 N.C. 380, 364 S.E.2d 433 (1988). In making the required analysis, no single factor is controlling and the presence of all factors is not required. Id.
Despite these generalized statements in our case law regarding the presence of relevant factors, the key, although not determinative factor is the amount of control or supervision of the individual exercised by the employer. A worker may be extremely skilled and require little or no supervision, but still be an employee. "If the employer has the right to control, it is immaterial whether he actually exercises it. Id.
In the case at bar the relevant factors clearly lead to one conclusion, that plaintiff was an employee of defendant at the time of his injury. Plaintiffs schedule while working for defendant was consistent. Defendant expected him to begin work each day at 8:00 a.m. and to continue working until all of his orders were completed. Plaintiff was paid by defendant by the hour. Our courts have held that, "[p]ayment by unit of time, such as an hour, day or week is strong evidence that he is an employee. Id. Additionally, defendant retained the right to fire plaintiff.
Another factor to be considered is whether the worker is performing the same type of work as is the general business of the employer. Scott v.Waccamaw Lumber Company, 232, N.C. 162, 59 S.E.2d 425 (1950). It is undisputed that plaintiff performed the same type of work that defendant regularly performed in its business. Defendants president testified that plaintiffs job duties were the same at the time of his injury as when he was an admitted employee.
Based upon the record of evidence, it is without question that defendant retained the right to supervise and control plaintiff in the performance of his duties. Again, as noted above, it is irrelevant whether or not the employer exercises the right to control the claimant, so long as it retains this right. In this case, defendant retained the right to supervise plaintiffs work and did check in on him at his job sites. Defendant directed plaintiff on how deep to run the cable and how far the cable was to be placed from the road. Although his supervisors may not have checked in on his jobs sites as regularly as with other employees, this was because plaintiff was experienced and exceptionally competent. Furthermore, when inspections were performed at plaintiffs work sites, these were conducted in the same manner as with other employees.
The extent of defendants control of plaintiffs work went so far as requiring him to wear a very specific type of uniform. Defendant required plaintiff to wear a collared shirt with one of its logos or a collared shirt with no logo at all and to wear long pants and boots. Also, if plaintiff wore a hat, defendant required him to use a baseball style hat with one of its logos on it. Finally, defendant required plaintiff to display a company emblem on his truck. All of these requirements were the same as defendant had for other employees.
As for equipment, defendant provided plaintiff with critical tools and supplies necessary to complete his work. Defendant provided plaintiff with an expensive locator, the cable to run underground and the boxes to attach to the houses of customers. All of these pieces of equipment were used daily by plaintiff and were central to the successful performance of his duties.
Based on a fair analysis of the above factors, the only correct determination is to conclude as a matter of law that plaintiff was an employee of defendant on the date of his death. For this and the other reasons noted above, I respectfully dissent from the majoritys Opinion and Award and would vote to reverse.
This is the 2nd day of July, 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER