KENNETH ROTHROCK, BY HIS NEXT FRIEND, T. S. ROTHROCK, v. AL-
BERT ROBERSON (COLORED), JAMES H. BAGGS, S. B. HANES, AND
SUPREME OIL COMPANY.

(Filed 15 June, 1938.)

**Automobiles § 24a—Evidence held insufficient to show, on any aspect,
that service station attendant was employee of the lessor of the
station.**

Evidence that an oil company leased a filling station with all necessary equipment for sale of products of the company, that the company had no control over or right to employ or discharge attendants at the station, and that an attendant caused the injury in suit while driving to the station with a car to be serviced in accordance with the orders of the lessee of the station, *is held* insufficient, in any aspect, to hold the oil company liable for the alleged negligence of the attendant on the doctrine of *respondeat superior.*

APPEAL by plaintiff from *Hill, Special Judge,* at January Term, 1938, of FORSYTH. Affirmed.

This was an action for damages for personal injury caused by the negligent operation of an automobile driven by defendant Roberson, who was alleged to have been the agent and employee of his codefendants.

Plaintiff entered voluntary nonsuit as to defendant Hanes. At the close of plaintiff's evidence the court sustained motion for judgment of nonsuit as to defendant oil company. Thereupon the court, without objection, withdrew a juror and ordered a mistrial as to defendants Roberson and Baggs. From judgment dismissing the action as to defendant oil company the plaintiff appealed.

*Hoyle C. Ripple and Parrish & Deal for plaintiff, appellant.*
*W. F. Wimberly and Ratcliff, Hudson & Ferrell for defendant, appellee.*

PER CURIAM. While it may be conceded for the purpose of this appeal that there was evidence of negligence on the part of defendant Roberson, and that he was, at the time of the injury complained of, an employee of defendant Baggs, the testimony fails to show that Roberson was in the employ of the defendant oil company, or that he was at the time acting within the scope of such employment.

It appears that defendant oil company leased to defendant Baggs a service station with all necessary equipment for the sale of petroleum products to be purchased from the oil company, with provision in the contract for the cancellation of the lease on twenty-four hours' written notice for certain enumerated causes. It was testified that Baggs alone had the right to employ and discharge such servants and employees as he needed in the operation of the service station, and that the oil company had no control over the conduct of Baggs' employees. On the occasion alleged, S. B. Hanes requested Baggs to have his automobile washed and greased and gave him the automobile keys, and thereupon Baggs sent his employee Roberson to drive the automobile to the service station for this purpose. En route the Hanes automobile, driven by Roberson under these circumstances, collided with a motorcycle on which plaintiff was riding, causing him injury.

There was nothing in the contract of lease by the oil company to Baggs which affords any tenable ground for holding that Roberson was an employee of the oil company at the time and on the occasion of the injury complained of, and we conclude that the evidence offered does not support the contention that the negligence of Roberson, in any view of the facts here presented, may be imputed to the defendant oil company, and that the judgment of nonsuit as to it was properly entered.

The ruling of the court below is fully sustained by *Hopper v. Ordway,* 157 N. C., 125, 72 S. E., 839; *Inman v. Refining Co.,* 194 N. C., 566,

140 S. E., 289; *Teague v. R. R.,* 212 N. C., 33; *Liverman v. Cline,* 212 N. C., 43; *Shapiro v. Winston-Salem,* 212 N. C., 751; *Shell Petroleum Corp. v. Linham,* 163 Sou. (Miss.), 839.

The facts in the instant case differ from those upon which the decision in *Evans v. Lumber Co.,* 174 N. C., 31, 93 S. E., 430, was based.

Judgment affirmed.