GEORGE F. KEECH v. JOHN L. ROPER LUMBER COMPANY.

(Filed 16 September, 1914.)

1. Trials—Negligence—Evidence—Questions for Jury.

The plaintiff was injured while engaged in sawing logs for the defendant, and was struck by a log which had improperly been placed across a near-by pile of them by the defendant in such position that it would be likely to fall at any moment and strike him. *Held*, sufficient evidence of defendant's actionable negligence to be submitted to the jury.

2. Master and Servant—Independent Contractor—Issues—Trials—Questions for Jury.

The evidence in this case is conflicting as to whether the defendant had let out the doing of the work, wherein the plaintiff was injured, to an independent contractor; and the charge of the trial judge upon the evidence, on this phase of the case, given upon the issue of negligence, is held no error, there being no specific issue submitted upon the question of independent contractor.

APPEAL by defendant from *Ferguson, J.,* at February Term, 1914, of BEAUFORT.

This is a civil action tried upon these issues:

1. Was the plaintiff injured by the negligence of the defendant John L. Roper Lumber Company, as alleged in the complaint? Answer: No.

2. Was the plaintiff injured by the negligence of the defendants J. A. and S. W. Wilkinson, as alleged in the complaint? Answer: Yes.

3. Did the plaintiff, by his own negligence, contribute to his injury, as alleged by the defendants? Answer: No.

4. Did the plaintiff assume the risk of the injury received by him, as alleged by the defendants? Answer: No.

5. Were the defendants J. A. and S. W. Wilkinson independent contractors of John L. Roper Lumber Company? Answer: Yes.

6. What damage, if any, is the plaintiff entitled to recover? Answer: $500.

Upon the issues the court rendered judgment in favor of the John L. Roper Lumber Company, dismissing the action as to that corporation and giving judgment against the defendants S. W. and J. A. Wilkinson, doing business as S. W. Wilkinson & Brother, for the sum of $500, with costs.

The defendants S. W. and J. A. Wilkinson appealed to the Supreme Court.

*Daniel & Warren, Manning & Kitchin for plaintiff.*
*Small & MacLean, Bragaw & Rodman for defendants.*

BROWN, J.  There are only two questions necessary to be considered in the disposition of this appeal: First, was there any evidence of negligence?  We think that there was sufficient evidence of negligence to carry the case to the jury.  The plaintiff offered evidence tending to prove that he was engaged in sawing logs with a crosscut saw for the defendant; that he was struck by a log which fell off the pile and hit him on the left hip and knocked him down and broke his ankle; that the log that hurt him was lying across some other logs, and some other logs placed across that one.  The logs were placed parallel with the railroad track and across the other logs diagonally.  The log that fell off and hit him was not placed correctly and in the usual manner, but was placed diagonally across the other logs so that it was liable to roll off and hit the plaintiff at any moment.  These logs were brought to the place by a skidding machine, which would pull the logs from the woods and then they were piled up near the track.

The plaintiff testified in substance that the log that hit him was not placed in the usual manner in which the logs were accustomed to be placed; that it was placed crosswise the other logs and then two or three other logs placed across it; that he did not discover the particular danger at the time that he was sawing.

We think the testimony of the plaintiff upon the question of negligence in the manner of piling the logs was sufficient to carry the case to the jury.

Second. It is contended that one Dunbar was having this work done, and that he was an independent contractor for the Wilkinsons. While no special issue was submitted involving this question, his Honor practically submitted it under the second issue. His Honor instructed the jury "that the Wilkinsons contend that they are not responsible, because they had transferred their contract to Dunbar, and this is denied upon the part of the plaintiff. ·

"If the Wilkinsons, after they had taken a contract from the Roper Lumber Company, made a contract with Dunbar that Dunbar was to do the logging in his own way, load the logs on the train and get them out of the woods and cut them in proper lengths and load them on the train for a certain price, and do it in his own way, and the Wilkinsons were to furnish the skidder and engine, and the Wilkinsons furnished the skidder and engine in proper condition, then Dunbar would be an independent contractor.

"He would have the right to hire and discharge hands and be responsible for their pay, and the Wilkinsons would not be connected with the people who were working for Dunbar, and in that contract they might agree that the payments should be made through the store of the Wilkinsons, if that was part of the contract; but as the Wilkinsons had no management or control over the manner in which the work was done, the manner in which the trees were cut down and put on the cars, then Dunbar would be an independent contractor.

"The plaintiff, however, contends that that was not the purpose of making the contract or intention of the parties. The plaintiff contends that Dunbar was an insolvent man and that the most that was intended by the contract was that Dunbar should be put in charge of the logging business and take his compensation out of what he could save out of $3.50 per thousand feet, and that he was the manager of the Wilkinsons. If Dunbar was insolvent and was an experienced man, and the contract was made in good faith, still he would be an independent contractor.

"(But if he was insolvent, it is a circumstance which you will take into consideration in finding as to whether the contract was made as claimed by the defendants Wilkinson.)

"If you should find from the evidence that the Wilkinsons made this contract with Dunbar, and Dunbar was an independent contractor in that he had the right to do the work in his own way, hire the hands, employ or discharge them, then the Wilkinsons would not be responsible for any damage which might result from any negligence of Dunbar or those under his control, and would not be responsible for the negligence of Will Russ, and the plaintiff would not be entitled to recover."

We think this question was properly left to the jury, and that there is no error in the charge under which it was submitted. Upon a review of the whole record, we find

No error.

In this case S. W. and John A. Wilkinson are appellants, and the judgment is against them.