This is a proceeding begun before the North Carolina Industrial Commission for compensation under the provisions of the Workmen's Compensation Act of this State. Chapter 120, Public Laws, 1929; chapter 133A, N.C. Code of 1931.
Claimant was injured on 17 December, 1929, while engaged in work as a carpenter, constructing a dry-kiln for the Drexel Furniture Company at Morganton, N.C. He was employed to do said work by Everett Mull, who had undertaken to construct the dry-kiln under a contract with the Drexel Furniture Company. It was admitted that claimant's injuries were the result of an accident, and that they arose out of and in the course of his employment.
Claimant contended that Everett Mull, by virtue of his contract with the Drexel Furniture Company, was an employee or agent of said company, and employed him to do the work in which he was engaged at the time he was injured as such agent; and that for this reason he was an employee of the Drexel Furniture Company, and entitled to compensation under the provisions of the North Carolina Workmen's Compensation Act from the defendants, Drexel Furniture Company, and its insurance carrier, Georgia Casualty Company.
Defendants contended that Everett Mull by whom claimant was employed at the time he was injured, was an independent contractor with respect to the work in which claimant was engaged when he was injured; and that for this reason claimant was the employee of Everett Mull, and not of the defendant, Drexel Furniture Company, and is, therefore, not entitled to compensation from the defendants.
The proceeding was heard by Commissioner Dorsett, at Morganton, N.C. on 24 July, 1930. At this hearing the Commissioner found as a *Page 848 
fact, that "Everett Mull, at the time of the accident suffered by the claimant, was an employee of the Drexel Furniture Company and not an independent contractor." Upon this and other findings of fact to which there were no exceptions, and upon his conclusions of law, Commissioner Dorsett made an award directing the defendants to pay to the claimant the sums of money as therein set out. Upon defendants' appeal from this award to the full Commission, the findings of fact and conclusions of law of Commissioner Dorsett were reviewed and approved. The award made by him was affirmed.
Defendants' appeal from the award of the full Commission was heard by Judge Sink. At this hearing the findings of fact, conclusions of law and award of the full Commission were approved and affirmed. Defendants appealed to the Supreme Court.
The only question of law presented by this appeal is whether there was evidence at the hearing before Commissioner Dorsett, sufficient to support his finding of fact that Everett Mull was an employee and not an independent contractor of the defendant, Drexel Furniture Company, with respect to the construction of the dry-kiln on which claimant was at work at the time he was injured. We are of the opinion that this question must be answered in the affirmative. Gadsden v. Craft, 173 N.C. 418,92 S.E. 174. Claimant was, therefore, an employee of the defendant, and is entitled to compensation from the defendant and its insurance carrier, Georgia Casualty Company.
The judgment of the Superior Court affirming the award of the Industrial Commission is
Affirmed.