CLYDE BEACH, EMPLOYEE, v. R. E. McLEAN AND/OR LONG SHOALS COTTON MILLS, EMPLOYER, AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER.

(Filed 7 May, 1941.)

**1. Master and Servant § 55d—**

The Industrial Commission is the body designated by statute to find the facts in proceedings for compensation, and its findings of fact, when supported by competent evidence, are conclusive and are not subject to review by the Superior Court or by the Supreme Court.

**2. Same—**

A conclusion of law of the Industrial Commission is reviewable on appeal.

**3. Master and Servant § 4d—**

Whether the relationship between the parties is that of master and servant or principal and independent contractor involves a mixed question of law and of fact, the terms of the contract being a question of fact, and the relationship created by the contract being a question of law.

**4. Master and Servant § 55d—**

While the findings of the Industrial Commission as to the terms of the contract between the parties is final, its conclusion as to the relationship created by the contract is a conclusion of law which is reviewable on appeal.

**5. Master and Servant § 4a—**

An independent contractor is one employed to do a specific job or piece of work who is not under the control or supervision of the employer as to the methods or manner used, but who is responsible to the employer solely for the results.

**6. Same—Contract held to create relationship of principal and independent contractor and not that of master and servant.**

Findings that defendant corporation purchased certain machinery located in another mill, that it was its duty under the contract of sale to dismantle and move the machinery, that thereafter the corporation entered into a contract with an individual to dismantle and move the machinery,

under which agreement the individual was to furnish the labor and trucks to do the work, was to be paid on the basis of the machinery actually dismantled and salvaged and not on the basis of the work done, without evidence that the corporation undertook to supervise or direct the work, *is held* to establish the relationship of principal and independent contractor and not that of master and servant between the corporation and the individual.

**7. Same—**

The reservation by the employer of the right to terminate the agreement under which he employs an independent contractor is not a reservation of control and supervision over the work so as to make the relationship that of master and servant.

**8. Same—**

While insolvency of the purported independent contractor may be considered upon the question of the relationship between the parties when the evidence is conflicting as to whether the employer actually retained control and supervision over the work, where there is no evidence tending to support an inference that the contract was used merely as a front to avoid liability, insolvency of the contractor is immaterial in determining the relationship.

**9. Master and Servant § 55d—**

Where the Industrial Commission makes a conclusion involving a mixed question of law and fact, without finding the ultimate facts upon which the conclusion is founded, the courts on appeal can review the conclusion only to ascertain whether there was sufficient competent evidence to support the factual element involved therein, but where the commission finds all of the facts, the findings supported by evidence are final, but the courts can review the conclusion of law based thereon.

**10. Master and Servant § 39b—**

Upon the findings of fact and the uncontradicted evidence before the Industrial Commission as to the terms of the contract between the parties, *it is held* that the contract created the relationship of principal and independent contractor and not that of master and servant between the person employing claimant and the defendant corporation, and judgment of the Superior Court reversing the award of the Industrial Commission granting compensation against the corporation is affirmed.

**11. Master and Servant § 4a—**

The fact that the work let is intrinsically dangerous does not affect the relationship of principal and independent contractor existing between the parties, but only enlarges the legal duty and liability of the principal to the employees of the independent contractor.

**12. Master and Servant § 39b—**

It would seem that an employee of an independent contractor may not hold the principal liable under the Compensation Act upon the doctrine that the work let was intrinsically dangerous, since he could not establish the relationship of master and servant between himself and the principal, the liability of the principal to him in such cases being founded upon the common law doctrine of negligence.

**13. Same—**

Section 19, chapter 120, Public Laws of 1929, relates to contractors and subcontractors and not to employers and independent contractors.

APPEAL by plaintiff from *Clement, J.,* at September Term, 1940, of GASTON. Affirmed.

Claim for compensation under the Workmen's Compensation Act filed by plaintiff, alleged employee of the Long Shoals Cotton Mills. The defendant, American Mutual Liability Insurance Company, is a carrier for the alleged employer.

The essential facts are set forth in the opinion of the hearing commissioner, the material parts of which are as follows:

"The Commissioner finds it a fact that some time prior to October 28, 1937, that the Duke Power Company, which is the owner of the Tuckaseegee Plant located in Gaston County, had sold to the Long Shoals Cotton Mills of Lincoln County, North Carolina, certain machinery that had previously been used by the Tuckaseegee Cotton Mill; and the Commissioner further finds that under the contract of sale to the Long Shoals Cotton Mills it was the duty of the buyer to dismantle said machinery and move the same from the Tuckaseegee Mill to the Long Shoals Cotton Mills in Lincoln County, and after the sale had been consummated the Long Shoals Cotton Mills entered into an agreement with one R. E. McLean to move said machinery from the plant of the Duke Power Company to the plant of the Long Shoals Cotton Mills; and under the contract and agreement between the Long Shoals Cotton Mills and R. E. McLean, McLean was to furnish his labor and trucks and move the machinery from the Tuckaseegee Mills to the Long Shoals Cotton Mills, and that in pursuance of said understanding and agreement R. E. McLean approached the plaintiff, Clyde Beach, who was a regular employee of the Tuckaseegee Mill as a machine room mechanic, in an effort to procure the services of the plaintiff, Clyde Beach, to assist in dismantling the machinery consisting of generators and water wheels, and after some conferences between McLean and Beach and the superintendent over Mr. Beach, it was agreed that the Tuckaseegee Mill would release Mr. Beach temporarily and allow him to assist Mr. McLean in dismantling the machinery; so, on Monday morning about 10 o'clock preceding the day of the injury the plaintiff temporarily severed his relations with the Tuckaseegee Mill and became an employee of R. E. McLean during the time required to move the machinery in question; and on Thursday morning the plaintiff was engaged in hammering some machinery in the course of his employment for R. E. McLean and a piece of steel flew and hit the plaintiff in the left eye, and that as a result of said injury the plaintiff has lost the total vision of his left eye, and in addition

thereto was disabled for a period of six weeks. And the Commissioner finds as a fact that this injury arose out of and in the course of the plaintiff's employment.

"The main question in this case is to determine who the plaintiff, Clyde Beach, was working for at the time of the alleged injury. The Commissioner finds as a fact that the plaintiff was not an employee of the Tuckaseegee Mill, which is owned by the Superior Yarn Mills, Inc., or the Duke Power Company. There is no question but that the plaintiff was employed by R. E. McLean and he was paid for his labor by R. E. McLean's check, and said Clyde Beach never had any contractual relation with anyone in connection with his employment except R. E. McLean, and the Commissioner has heretofore found that R. E. McLean did not have as many as five employees and is not subject to the North Carolina Workmen's Compensation Act; then we arrive at the proposition to determine whether R. E. McLean was an independent contractor for the Long Shoals Cotton Mills or whether he was an employee of the Long Shoals Cotton Mills. The Commissioner finds as a fact from the evidence that the said R. E. McLean was not an independent contractor but was an employee or agent of the Long Shoals Cotton Mills employed by them for the purpose of removing the machinery in question from the Tuckaseegee Mill to the mill of the defendant, Long Shoals Cotton Mills; therefore, the said R. E. McLean, being an agent of the Long Shoals Cotton Mills for the purpose of doing the work in question, the plaintiff, Clyde Beach, when employed by said R. E. McLean as agent of the Long Shoals Cotton Mills, became an employee of the Long Shoals Cotton Mills and, therefore, the plaintiff's injury arose out of and in the course of his employment for the defendant, Long Shoals Cotton Mills."

Having made the foregoing findings and having arrived at the conclusion stated, the hearing Commissioner directed an award against the corporate defendant and it appealed to the Full Commission, which affirmed the findings of fact and the award. Upon appeal to the Superior Court the judge below concluded that upon the facts found McLean was an independent contractor, and that the claimant was an employee of said independent contractor and not of the Long Shoals Cotton Mills. Judgment was thereupon entered, reversing the award and dismissing the appeal. Claimant excepted and appealed to this Court.

*George B. Mason and W. B. McGuire, Jr., for plaintiff, appellant.*
*J. Laurence Jones for defendants, appellees.*

BARNHILL, J. Ch. 120, Public Laws 1929, known as the North Carolina Workmen's Compensation Act, in section 58 thereof, requires the Commission not only to make an award but to likewise file with the

award a statement of the finding of fact, rulings of law and other matters pertinent to the question at issue. Hence, under the statute the commission is made a fact-finding body. The finding of facts is one of its primary duties and it is an accepted rule with us that when the facts are found they are, when supported by competent evidence, conclusive on appeal and not subject to review by the Superior Court or by this Court. *Cloninger v. Bakery Co.,* 218 N. C., 26, and cases cited; *McGill v. Lumberton,* 218 N. C., 586.

Is the "finding" of the hearing Commissioner, as affirmed by the Full Commission, to the effect that McLean was not an independent contractor but was an employee or agent of the Long Shoals Cotton Mills and that the employment of the claimant by McLean constituted an employment by the Long Shoals Cotton Mills a finding of fact, a mixed question of fact and law or a conclusion of law? If a finding of fact, it is conclusive and binding on us. If it is a mixed question of fact and law, it is likewise conclusive, provided there is sufficient evidence to sustain the element of fact involved. If a question of law only, it is subject to review.

This finding, or conclusion, that McLean was an employee of Long Shoals Cotton Mills and not an independent contractor, standing alone and nothing else appearing, would involve a mixed question of fact and law. Its correctness would depend upon the answer to two questions: (1) What were the terms of the agreement—that is, what was the contract between the parties; and, (2) what relationship between the parties was created by the contract—was it that of master and servant or that of employer and independent contractor? The first involves a question of fact and the second is a question of law.

When, however, the Commission finds the facts, as it is required to do under the statute, thus answering the first question, then the conclusion becomes strictly a question of law reviewable by the Superior Court and, upon appeal, by this Court.

The Commission having found the facts in respect to the terms and conditions upon which McLean undertook the work of dismantling and salvaging the machinery purchased by defendant from Superior Yarn Mills, it settled the question of fact involved in the "finding" or conclusion as to the nature and extent of the contract. Hence, the element of fact involved in the conclusion is settled. Both the court below and this Court are bound thereby. The only question presented is the legal status of McLean under the contract. The Commission's conclusion in this respect is reviewable. *Thomas v. Gas Co.,* 218 N. C., 429.

In addition to the facts found by the Commission it appears from uncontroverted testimony, much of which was offered by the claimant, that the claimant worked under the exclusive supervision and control of McLean; that the corporate defendant reserved no right of control

or direction in respect to the work; that McLean was to be paid not upon the basis of work done but for the machinery actually dismantled and salvaged; that McLean, in fact, did considerable work for which he received no pay, some of the machinery he attempted to dismantle having fallen into the river; and that McLean was not regularly employed by the corporate defendant but was engaged in the business of dismantling, salvaging and moving heavy machinery.

Was the court below correct in concluding, upon the facts found, as supported by the other testimony, that McLean was an independent contractor?

An independent contractor is one who undertakes to produce a given result, but so that in the actual execution of the work he is not under the order or control of the person for whom he does it, and may use his own discretion in things not specified. Pollock, Torts, 78; Barrows on Negligence, 160. The vital test in determining whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is reserved by the employer. Stated as a general proposition, if the contractor is under the control of the employer, he is a servant; if not under such control, he is an independent contractor. 14 R. C. L., pp. 67, 68; *Aderholt v. Condon,* 189 N. C., 748, 128 S. E., 337; *Russell v. Oil Co.,* 206 N. C., 341, 174 S. E., 101.

An independent contractor has been defined as one who exercises an independent employment, contracts to do a piece of work according to his own judgment and methods, and without being subject to the employer except as to the results of the work, independently of such employer and freed from any superior authority in him to say how the specified work shall be done or what the laborers shall do as it progresses. *Greer v. Construction Co.,* 190 N. C., 632, and cases cited; *Drake v. Asheville,* 194 N. C., 6, 138 S. E., 343; *Teague v. R. R.,* 212 N. C., 33, 192 S. E., 846; *Craft v. Timber Co.,* 132 N. C., 151, 43 S. E., 597.

Measured by the standard of these definitions the conclusion of the court below was clearly correct. This conclusion is not affected by evidence tending to show that at times an agent of the defendant was present while the work progressed. None of the testimony tends to show that he undertook to supervise or to direct the work. Nor is the fact that one of the trucks of the defendant was used in moving a small part of the machinery material, since it does not appear under what conditions it was so used or that the defendant reserved any right in respect thereto. The suggestion in the testimony that defendant reserved the right to discharge McLean is not proof of a reservation of a right to supervise and direct. It was, if made, merely a reservation of the privilege to terminate the agreement without incurring any liability for breach of contract.

But, says claimant, McLean is insolvent and this alters the relationship and sustains the conclusion of the Commission. Insolvency, where the evidence is conflicting, may be considered in determining the relationship created by the contract. *Keech v. Lumber Co.,* 166 N. C., 503, 82 S. E., 836. Here, however, where all the evidence tends to show that he was an independent contractor and there is no testimony to support an inference that he was used merely as a front to avoid liability, McLean's insolvency, while unfortunate, is immaterial.

It is true that in a certain line of decisions of this Court, involving compensation cases, we have said that where the Commission makes a conclusion as a basis for an award we will review the testimony to ascertain whether sufficient evidence appears to support the element of fact involved in the conclusion. *Berry v. Furniture Co.,* 201 N. C., 847, 161 S. E., 552; *Webb v. Tomlinson,* 202 N. C., 860, 164 S. E., 341; *Parrish v. Armour & Co.,* 200 N. C., 654, 158 S. E., 188; *Michaux v. Bottling Co.,* 205 N. C., 786, 172 S. E., 406; *Singleton v. Laundry Co.,* 213 N. C., 32, 195 S. E., 34; *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356, 196 S. E., 342; *Moore v. Sales Co.,* 214 N. C., 424, 199 S. E., 605. It is upon this line of cases that the claimant now relies. He contends that inasmuch as the conclusion involved an element of fact the court below was without authority to reverse it.

It must be noted in this connection that in the cases cited and relied upon by the claimant the Commission found only the ultimate fact or conclusion without finding the evidential and probative facts upon which the conclusion was based. We are required, in those instances, to review the testimony to ascertain whether there was sufficient competent evidence to support the factual element involved in the conclusion. Here the Commission has found the facts which constitute the contract. The facts as thus found are conclusive. *Moore v. Sales Co., supra.*

If the difference in the question presented, when only the ultimate fact is found on the one hand, and when all the facts are found on the other, is considered it becomes apparent that the line of cases relied on by claimant are distinguishable and are not in point.

The claimant contends here that if McLean was an independent contractor the evidence tends to show that the work contracted to be done was intrinsically dangerous and that the defendant could not, by a delegation of such perilous operations to McLean as an independent contractor, escape liability for the plaintiff's injury. This was not the theory of the trial below. The Commission found or concluded that claimant was an employee and not an independent contractor. Even so, this is a common law doctrine under the law of negligence. That work is intrinsically dangerous does not affect the relationship of the parties. It merely enlarges and extends the legal duty and liability of the other

party to the contract in respect to the employees of the independent contractor.

It is doubtful that plaintiff could seek relief before the Industrial Commission under this rule of law for the reason that he could not establish the relationship of employer and employee. Apparently his remedy, if any, based on this theory, must be enforced in an action *ex delicto.*

Sec. 19, ch. 120, Public Laws 1929, has no application here. That section relates to contractors and subcontractors—not to employers and independent contractors.

The judgment below is
Affirmed.