PERMELIA S. SHORT, WIDOW OF WILBURN C. SHORT, DECEASED, EMPLOYEE v. SLANE HOSIERY MILLS, INC., EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 6918IC43

(Filed 2 April 1969)

**Master and Servant § 61— workmen's compensation death benefits — employee killed while assisting third party**

   In this action for death benefits under the Workmen's Compensation Act, findings of fact by the Industrial Commission that deceased employee drove his employer's truck to the city dump to dispose of trash from the employer's plant, and that the employee was killed at the city dump while trying to help a third party operate the dump mechanism on the third party's truck *are held* to support the Commission's determination that deceased was not acting for the benefit of his employer to any appreciable extent and that deceased's injuries did not arise out of and in the course of his employment.

APPEAL by plaintiff from an opinion and award of the North Carolina Industrial Commission entered 9 September 1968, denying relief.

By this action plaintiff seeks to recover death benefits under

The North Carolina Workmen's Compensation Act (G.S., Chap. 97) by reason of the death of her husband, which she contends resulted from injury by accident arising out of and in the course of his employment with defendant employer.

At the hearing the parties stipulated that at the time of employee's death, on 30 August 1967, (1) the employer and employee were bound by the Workmen's Compensation Act, (2) the employer-employee relationship existed, (3) Liberty Mutual was the compensation carrier, and (4) employee's average weekly wage was $78.00. Also, there seems to be agreement that the deceased employee was killed instantaneously by accident during his normal working hours.

The evidence tends to show the following: Deceased began working for employer on 28 August 1967, and that one of his duties was to drive employer's truck to the city dump to dispose of trash which accumulated at employer's plant. On the date of his death, 30 August 1967, deceased drove employer's truck with a load of trash to the city dump. When he arrived at the city dump the truck of another manufacturer (Crestwood Furniture Company) was being unloaded by hand by Crestwood's employee, one Wiley Adams. The Crestwood truck was equipped with a dump mechanism which would tilt the bed of the truck to allow the trash to slide out; the defendant employer's truck had a flat-bed which did not tilt. There was sufficient room at the city dump for several trucks to unload at the same time. When deceased backed defendant employer's truck into position to unload, he inquired of Adams why he did not use the dump mechanism instead of unloading by hand. Adams replied that either the mechanism was broken or he didn't know how to operate it, because this was his first day on the job. Deceased said, "I know how to dump. Do you want me to dump?" Adams replied that he would appreciate it. Deceased then got out of his employer's truck, got into the cab of the Crestwood truck and undertook to operate the dump mechanism. When deceased was unable to operate the mechanism from inside the cab he got out and crawled under the bed of the Crestwood truck and pulled a lever by hand. This caused the bed of the truck to lift toward the dump position, but it stopped after reaching a height of about two and one-half to three feet. Deceased again reached under the bed of the truck (apparently to again operate the lever by hand) and the bed of the truck fell on him, crushing his head and shoulder between the bed and the chassis. He died instantly.

The evidence further tended to show: That deceased's foreman

had advised deceased that a time study had been made and that deceased should not take over thirty to forty-five minutes on a trip to the city dump; that drivers of trucks to the city dump were in the habit of assisting each other; that Adams (driver of the Crestwood dump truck) and deceased had never seen each other before the day in question, and had never before attempted to aid each other.

The Hearing Commissioner found the facts substantially in accord with the foregoing to which no exceptions are taken by plaintiff. The Hearing Commissioner's "finding of fact" number ten, to which plaintiff does except is as follows:

"Deceased, in assisting Adams, was not acting for the benefit of defendant employer to any appreciable extent and did not sustain an injury by accident arising out of and in the course of his employment with defendant employer."

Based upon his findings of fact the Hearing Commissioner concluded that deceased did not sustain injury by accident arising out of and in the course of his employment, and he denied compensation. Upon appeal the North Carolina Industrial Commission affirmed, and plaintiff thereafter appealed to this Court, assigning as error finding number ten, the conclusion of law based thereon, and the award denying compensation.

*Schoch, Schoch & Schoch, by Arch K. Schoch, Jr., for plaintiff appellant.*

*Lovelace, Hardin & Bain, by Edward R. Hardin, for defendant appellees.*

BROCK, J.

Is the determination of the Hearing Commissioner, as affirmed by the Full Commission, to the effect that, in assisting Adams, *deceased was not acting for the benefit of his employer to any appreciable extent* a finding of fact, a mixed question of fact and law, or a conclusion of law? If a finding of fact, it is conclusive and binding upon us. If a mixed question of fact and law, it is likewise conclusive, provided there is sufficient evidence to sustain the element of fact involved. If a question of law only, it is subject to review *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515.

Clearly such a determination by the Commission is not a strict conclusion of law; and considered in the view most favorable to plaintiff's request for review, it would be, at most, a mixed question

of fact and law. Proceeding in this light for purposes of this appeal, the determination by the Commission is conclusive provided there is sufficient evidence to support the factual element.

Plaintiff takes no exception to the specific findings of fact by the Commission, but argues that the facts found and the inferences from the facts found compel a determination that deceased *was* acting for the benefit of his employer to an appreciable extent, and argues it would follow that his injury arose out of and in the course of his employment.

In our view the findings of fact, and legitimate inferences to be drawn therefrom, support the Commission's determination that deceased was not acting for the benefit of his employer to any appreciable extent. And such a determination compels a ruling that deceased's injuries did not arise out of and in the course of his employment. *Guest v. Iron & Metal Co.,* 241 N.C. 448, 85 S.E. 2d 596. Compensation was properly denied.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.