INMAN, Judge.
 

 *174
 
 Tyrone Ty Watson ("Defendant") appeals from an order entered 28 May 2015 denying his motion to suppress and a judgment entered 8 July 2015 following his guilty plea to a charge of attempted robbery with a dangerous weapon. On appeal, Defendant contends that the trial court erred in denying his motion to suppress statements made to a police officer during an interrogation outside of the presence of Defendant's parent. After careful review, we hold that Defendant was advised of his right to have a parent present pursuant to N.C. Gen. Stat. § 7B-2101, that Defendant failed to invoke this right, and that Defendant therefore waived this right. Accordingly, we hold that the trial court did not err in denying Defendant's motion to suppress his statements to the officer.
 

 Factual & Procedural History
 

 On 8 July 2014, Officers Jeffrey King and Roman McNeil of the Charlotte-Mecklenburg Police Department ("CMPD") went to Defendant's home to serve an arrest warrant. Defendant's mother told the officers that Defendant was on his way home on a city bus. The officers subsequently stopped the bus, removed Defendant, and arrested him. CMPD Officers Mathew Daly and Jacob Powell transported Defendant to the Providence Divisional Team Office. Defendant was placed in an interview room, handcuffed, and shackled to the floor.
 

 Approximately twenty minutes from the time Defendant arrived at the precinct, CMPD Crime Scene Detective Thomas Grosse ("Detective Grosse") entered the room where Defendant was handcuffed and shackled, and initiated an audio-recorded interrogation. Defendant stated that he was sixteen years old, that his birthday was 3 October 1997, and that he was about to re-enter the tenth grade. He also stated that he resided with his mother, Rhonda Stevenson, at an apartment on Marvin Road. Detective Grosse and Defendant then engaged in the following colloquy:
 

 *175
 
 Detective Grosse: Do you have any idea why you are here?
 

 Defendant: They say that I got a warrant.
 

 Detective Grosse: Okay. Well, before I can go in and explain it. You know you've seen the movies so I just got to go through all of this. You got the right to remain silent. That means you don't have to say or do anything or answer questions. Anything I say can be used against me. You have the right to have a parent, guardian or custodian here with you now during questioning. Parent means your mother, father, stepmother, stepfather. Guardian means person responsible for you or taking care of you. Custodian means the person that is the charge where you are staying-that is like a foster home, doesn't really apply to you. You have the right to speak to an attorney before questioning. You have a right to have an attorney present during question[ing]. If you want to have a lawyer during questioning, one will be provided to you at no cost before you're questioned. Okay. And your mother would be Rhonda Stevenson, if you wanted her to be here. You can read?
 

 Defendant: Yeah.
 

 Detective Grosse: Basically, this is the form [the Juvenile Waiver of Rights form]. I need you to initial here that I read it. That way I don't get in trouble. You can read over it-it's basically everything I just said to you.
 

 Detective Grosse filled in Defendant's name, age, birthdate, address, and school year in the bank spaces at the top of the Juvenile Waiver of Rights form. Detective Grosse also filled in his own name, indicating that he had informed Defendant of his rights, including his
 
 Miranda
 
 rights and the right to have a parent present when questioned. At the bottom of the form, the juvenile suspect is instructed to select one of two boxes specifying
 
 *173
 
 either that he/she is electing to answer questions: (1) in the presence of a "lawyer, parent, guardian, and/or custodian" or (2) without a "lawyer, parent, guardian, and/or custodian" present. Before handing the form to Defendant, Detective Grosse filled in two blank spaces in the first box so that it read as follows:
 

 My lawyer, parent, guardian, and/or custodian is/are here with me now. The name(s) of the person(s) here with me is/are:
 

 Ronda [sic] Stevenson
 

 . I understand my rights as explained by Officer/Detective
 

 Grosse
 

 , and I DO wish to
 
 *176
 
 answer questions at this time. My decision to answer questions now is made freely and is my own choice. No one has threatened me in any way or promised me special treatment. Because I have decided to answer questions now, I am signing my name below.
 

 After filling in the blanks, Detective Grosse gave Defendant the Juvenile Waiver of Rights Form. Defendant initialed each of the five rights listed on the form, indicating that Detective Grosse had explained each right and that Defendant understood each right. At the bottom of the form, Defendant also wrote his initials next to the first box, erroneously indicating that his mother was present with Defendant at that time. Defendant did not initial the second box, which Detective Grosse had not filled in or asked Defendant to review and initial. The second box stated:
 

 I am 14 years old or more and I understand my rights as explained by Officer/Detective ____________. I DO wish to answer questions now, WITHOUT a lawyer, parent, guardian, or custodian here with me. My decision to answer questions now is made freely and is my own choice. No one has threatened me in any way or promised me special treatment. Because I have decided to answer questions now, I am signing my name below.
 

 Both Defendant and Detective Grosse signed the Juvenile Waiver of Rights Form. Detective Grosse then proceeded to interrogate Defendant and Defendant made statements incriminating himself in an attempted robbery.
 

 On 28 July 2014, Defendant was indicted on a charge of attempted robbery with a dangerous weapon in violation of
 
 N.C. Gen. Stat. § 14-87
 
 . On 8 April 2015, Defendant moved to suppress his statement to Detective Grosse on the grounds that it was obtained in violation of the United States Constitution, the North Carolina Constitution, and
 
 N.C. Gen. Stat. § 14-87
 
 .
 

 On 28 May 2015, Defendant's motion came on for hearing during the Criminal Session of Mecklenburg County Superior Court, Judge Carla N. Archie presiding. On the same day, Judge Archie orally denied Defendant's motion to suppress, making the following findings of fact and conclusions of law:
 

 On July 8th, 2014, officers went to the home of the defendant, Tyrone Watson, in order to serve an arrest
 
 *177
 
 warrant, that the defendant was not present, and the officers returned sometime later. On their second visit, the defendant's mother informed the officers that he was on a city bus on his way home. Officers stopped a city bus on or about Randolph Road in Charlotte, Mecklenburg County.
 

 Officers executed the arrest warrant, placing him under arrest and transferring him to the custody of different officers to transport him to the Providence divisional precinct.
 

 At the precinct the defendant was placed into an interview room, he was shackled to the floor and handcuffed at the wrist and later interviewed by Detective Thomas Grosse.
 

 Prior to the interview, Detective Grosse reviewed the juvenile waiver of rights form with the defendant. At the time of the interview the defendant was 16 years of age and had partially completed the tenth grade. Detective Grosse read each of the rights to the defendant numbered one through five, and Detective Grosse filled in Checkbox Number 1 indicating that Rhonda Stevenson, the defendant's mother, was present at the time. Detective Grosse also filled in the blank indicating that he had explained the rights to the defendant. Defendant Grosse asked the defendant to initial each of the rights indicating that he understood each of the numbered rights one through five, that the defendant did initial each of those rights.
 

 The defendant also initialed the first check box, which on its face indicates that the defendant's mother, Rhonda Stevenson, is here with me now, that he understood the rights as explained by Officer Grosse, and did wish to answer questions.
 

 The defendant then signed the bottom of the form and proceeded to answer Officer Grosse's questions and otherwise participate in the conversation and ultimately made incriminating statements.
 

 Having considered the testimony and having reviewed the video, the Court finds that the defendant's mother was not present, that the defendant did not request the presence of his mother, and that the indication on the
 
 *178
 
 juvenile waiver of rights form, which says that Rhonda Stevenson is here now, was both an error on the part of the officer and the defendant. However, the Court finds that the defendant was advised of his rights, that there is no credible evidence of a request for his mother, and that the waiver of his rights was knowing, voluntary, and intelligent.
 

 The Court, therefore, concludes as a matter of law that any statements made thereafter are admissible, and the defendant's motion to suppress is denied.
 

 On 8 July 2015, before Judge Yvonne Mims Evans in Mecklenburg County Superior Court, Defendant pleaded guilty to attempted robbery with a dangerous weapon and was sentenced as a prior record Level I Offender to an active term of 42 to 63 months imprisonment. Defendant gave notice of appeal in open court.
 

 Analysis
 

 In reviewing an order denying a motion to suppress, this Court determines "whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."
 
 State v. Johnson
 
 ,
 
 98 N.C.App. 290
 
 , 294,
 
 390 S.E.2d 707
 
 , 709 (1990) (internal quotation marks and citation omitted). "We review the trial court's conclusions of law
 
 de novo
 
 ."
 
 State v. Brown
 
 ,
 
 217 N.C.App. 566
 
 , 571,
 
 720 S.E.2d 446
 
 , 450 (2011) (citations omitted). "To determine whether the interrogation has violated defendant's rights, we review the findings and conclusions of the trial court."
 
 State v. Branham
 
 ,
 
 153 N.C.App. 91
 
 , 95,
 
 569 S.E.2d 24
 
 , 27 (2002).
 

 Defendant contends that his statutory right to have a parent present during questioning was violated when Detective Grosse continued to question Defendant after he invoked his right to have his mother present. Specifically, Defendant argues that by declining to initial the box stating that he was waiving his right to have his parent or lawyer present during questioning, he "expressly elected not to waive his right to counsel or the presence of his parent[,]" and that by initialing the box stating that his mother was present, he "unambiguously indicated that he wanted his mother present during his questioning." Defendant further asserts that if even if his invocation of his right to have a parent present was ambiguous, Detective Grosse's failure to clarify whether Defendant wanted his mother present during the questioning constituted error sufficient to
 
 *179
 
 warrant the suppression of Defendant's statement to Detective Grosse. In light of the trial court's findings of fact, we disagree.
 

 Section 7B-2101 of the North Carolina General Statutes sets out the provisions governing juvenile interrogations. The statute mandates that prior to questioning a juvenile in custody, an officer must advise the juvenile of the following:
 

 (1) That the juvenile has a right to remain silent;
 

 (2) That any statement the juvenile does make can be and may be used against the juvenile;
 

 (3) That the juvenile has a right to have a parent, guardian, or custodian present during questioning; and
 

 (4) That the juvenile has a right to consult with an attorney and that one will be appointed for the juvenile if the juvenile is not represented and wants representation.
 

 N.C. Gen. Stat. § 7B-2101(a) (2015). Section 7B-2101 further provides that "[b]efore admitting into evidence any statement resulting from custodial interrogation, the court shall find that the juvenile knowingly, willingly, and understandingly waived the juvenile's rights." N.C. Gen. Stat. § 7B-2101(d). "The burden rests on the State to show the juvenile defendant made a knowing and intelligent waiver of his rights."
 
 State v. Johnson
 
 ,
 
 136 N.C.App. 683
 
 , 693,
 
 525 S.E.2d 830
 
 , 836 (2000). A juvenile is defined as a person younger than eighteen who is not married, emancipated, or a member of the armed forces of the United States. N.C. Gen. Stat. § 7B-101(14) (2015).
 

 During a police interrogation, "[o]nce a juvenile defendant has requested the presence of a parent, or any one of the parties listed in the statute, defendant may not be interrogated further 'until counsel, parent, guardian, or custodian has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.' "
 
 Branham
 
 ,
 
 153 N.C.App. at 95
 
 ,
 
 569 S.E.2d at 27
 
 (alteration omitted) (quoting
 
 Michigan v. Jackson
 
 ,
 
 475 U.S. 625
 
 , 626,
 
 106 S.Ct. 1404
 
 , 1405,
 
 89 L.Ed.2d 631
 
 , 636 (1986) ).
 

 In this case, the trial court classifies its statement that "[D]efendant did not request the presence of his mother" as a finding of fact. Defendant asserts that whether Defendant invoked his right to have a parent present during questioning is a question of law, not fact, and therefore warrants a
 
 de novo
 
 review. The State analyzes the determination as a finding of fact, subject to the more deferential standard.
 

 *180
 
 "The classification of a determination as either a finding of fact or a conclusion of law is admittedly difficult. As a general rule, however, any determination requiring the exercise of judgment, ... or the application of legal principles, ... is more properly classified a conclusion of law."
 
 In re Helms
 
 ,
 
 127 N.C.App. 505
 
 , 510,
 
 491 S.E.2d 672
 
 , 675 (1997) (citations omitted). The trial court's classification of a determination as one of fact or law "is not determinative, and, when necessary, the appellate court can reclassify an item before applying the appropriate standard of review."
 
 N.C. State Bar v. Key
 
 ,
 
 189 N.C.App. 80
 
 , 88,
 
 658 S.E.2d 493
 
 , 499 (2008) (citation omitted).
 

 The trial court's determination that "[D]efendant did not request the presence of his mother" is best considered a mixed question of fact (whether Defendant indicated that he wanted his mother to be present) and law (whether Defendant's indication was sufficient to invoke his legal right to have his mother present before the interrogation could continue).
 

 With regard to mixed questions of law and fact, the factual findings ... are conclusive on appeal if supported by any competent evidence. As with separate findings of fact and conclusions of law, the factual elements of a mixed finding must be supported by competent evidence, and the legal elements must, in turn, be supported by the facts.
 

 Rolan v. N.C. Dep't of Agric. & Consumer Servs.
 
 ,
 
 233 N.C.App. 371
 
 , 379-80,
 
 756 S.E.2d 788
 
 , 794 (2014) (citations omitted);
 
 see also
 

 Beach v. McLean
 
 ,
 
 219 N.C. 521
 
 , 525,
 
 14 S.E.2d 515
 
 , 518 (1941) (holding that a trial court's determination of a mixed question of fact and law is conclusive "provided there is sufficient evidence to sustain the element of fact involved[ ]").
 

 The trial court's purely factual findings independent of the one challenged on appeal included: (1) a finding that Defendant "initialed the first check box [on the Juvenile Waiver of Rights form], which on its face indicates that[ D]efendant's mother, Rhonda Stevenson, is here with me now, that he understood the rights as explained by Officer Grosse, and did wish to answer questions[;]" and (2) a finding that "the indication on the [J]uvenile [W]aiver of [R]ights form, which says that Rhonda Stevenson is here now, was both an error on the part of the officer and[ D]efendant." The finding that Defendant's initial next to the first box was merely an error is consistent with the factual finding that Defendant did not indicate that he wanted his mother present. In making these two findings, the trial court resolved conflicts in evidence, a role exclusive
 
 *181
 
 to the trier of fact.
 
 State v. Overocker
 
 ,
 
 236 N.C.App. 423
 
 , 428,
 
 762 S.E.2d 921
 
 , 925,
 
 writ denied
 
 ,
 
 review denied
 
 ,
 
 367 N.C. 802
 
 ,
 
 766 S.E.2d 846
 
 (2014) (holding that "deference is afforded the trial judge because he is in the best position to weigh the evidence, given that he has heard all of the testimony and observed the demeanor of the witnesses") (internal quotation marks and citation omitted). That the evidence could have been interpreted differently, as Defendant argues, is not a basis to reverse the trial court.
 
 State v. Eason
 
 ,
 
 336 N.C. 730
 
 , 745,
 
 445 S.E.2d 917
 
 , 926 (1994) ("A trial court's findings of fact following a hearing on the admissibility of a defendant's statements are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.").
 

 Considering the separate factual findings as well as the factual element of the finding challenged by Defendant, and assuming that the issue of whether Defendant effectively invoked his right to have his mother present during the interrogation or refused to waive that right presents a question of law subject to
 
 de novo
 
 review, we hold that the factual findings support the conclusion that Defendant did not invoke his right to have his mother present and validly waived his right to have parent present during the interrogation.
 

 Defendant contends that assuming the record is ambiguous as to whether he invoked his right to have his parent present, the trial court still erred in denying his motion to suppress because Detective Grosse failed to clarify whether Defendant intended to waive his statutory right to have a parent present. In
 
 State v. Saldierna
 
 , --- N.C.App. ----, ----,
 
 775 S.E.2d 326
 
 , 327,
 
 review allowed
 
 ,
 
 writ allowed
 
 ,
 
 368 N.C. 356
 
 ,
 
 776 S.E.2d 846
 
 (2015), this Court concluded that a juvenile's ambiguous statement regarding his/her right to have a parent present "triggers a requirement for the interviewing officer to clarify the juvenile's meaning."
 

 Id.
 

 at ----,
 
 775 S.E.2d at 334
 
 .
 

 The North Carolina Supreme Court has allowed the State's petition for Writ of Supersedeas and petition for discretionary review and has not yet issued a decision.
 
 Saldierna
 
 ,
 
 368 N.C. 356
 
 ,
 
 776 S.E.2d 846
 
 . Therefore, the issue of whether an officer is required to clarify a juvenile's ambiguous statement regarding his/her right to have a parent present for questioning is still unsettled. However, for purposes of this opinion, we need not address the applicability of
 
 Saldierna
 
 because the trial court in this case found that Defendant did not make a statement, ambiguous or otherwise, invoking his right to have a parent present during the interrogation. The trial court did not find that by initialing the first box on the Juvenile Waiver of Rights Form, Defendant ambiguously invoked his
 
 *182
 
 right to have his mother present for questioning. Rather, the trial court found that Defendant's initialing of the box was an error.
 

 Considering evidence supporting the trial court's finding that Defendant's initialing of the line next to the first box on the Juvenile Waiver of Rights form was an error, and considering evidence supporting the trial court's finding that Defendant did not request the presence of his mother or ask to contact her, we hold that Defendant never invoked his right to have his mother present for questioning.
 

 Conclusion
 

 For the aforementioned reasons, we hold that although Defendant was advised of his statutory right to have a parent present during police questioning, Defendant never invoked, either ambiguously or unambiguously, this right. As such, we affirm the trial court's denial of Defendant's motion to suppress his statement to police.
 

 AFFIRMED.
 

 Judges ELMORE and MCCULLOUGH concur.